BAILEY & GOODJOHN v. D. B. JAMES.

(Case No. 1854.)

1. ARTICLE 1432, REVISED STATUTES, CONSTRUED.— Judgment was entered in a justice's court against the claimant of certain property which had been levied on under execution, for the value of the property, assessed at $70, $7 damages, with interest and costs of suit. An appeal was taken to the district court, one of the grounds for appeal being that the value of the property had been assessed too high. In the district court, judgment was given against the claimant for only $65.25, as the value of the property, but the interest had accumulated to such an extent that the entire amount of the judgment exceeded that given in the justice's court. *Held*, that a literal construction of article 1432, Revised Statutes, would charge the claimant with the costs of the district court, but the reason and spirit of the law must prevail, and the claimant should not have been taxed with the costs of a proceeding through which he righted a wrong and prevented injustice from being done him.

APPEAL from Camp. Tried below before the Hon. W. P. McLean. The opinion states the case.

*King & Ofiel*, for appellants.

*M. L. Morris*, for appellee.

WILLIE, CHIEF JUSTICE.— Bailey & Goodjohn filed an affidavit of claim to one thousand eight hundred and twenty pounds of cotton, levied on as the property of Lewis Ivey, under an execution from the justice's court, in favor of D. B. James, and gave the statutory bond for the trial of the right of property. This trial, in the justice's court, resulted adversely to Bailey & Goodjohn. That court assessed the value of the cotton at $70, and gave judgment against the appellants for that amount, together with ten per cent., or $7, damages, and interest from October 3, 1883, and costs of suit. Bailey & Goodjohn appealed to the district court, and the trial there resulted in a judgment for $65.25, the value of the cotton, together with interest from October 3, 1883, aggregating $73.67, and the further sum of $7.36, damages, all aggregating the sum of $81.03. The court also gave judgment for costs against the appellants. From this judgment an appeal is taken by Bailey & Goodjohn to this court, the error assigned being the taxing of the appellants with the costs of the district court.

Article 1432, Revised Statutes, reads as follows: "In cases of appeal or *certiorari* taken by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts."

Literally construed, this article would require the costs of the district court in this case to be charged to the appellants. But our Revised Statutes are to be liberally construed with a view to effect their objects and promote justice. Final Title, sec. 3.

The object of the above article doubtless was to bring about a speedy termination of suits in which no great amounts were involved, and to discourage appeals in such cases based upon insufficient grounds. This object was sought to be effected by charging the appellant with the costs of the appellate court, if he did not prosecute his appeal with effect, and obtain a judgment above more favorable to him than had been rendered in the justice's court.

If he did obtain a more favorable judgment in the upper court, his opponent must pay the costs of that court, as his recovery of an

unjust judgment below had brought about the appeal; and the appellant was, as to the sum by which the judgment below was rendered on appeal, the prevailing party in the district court. This is the reason and intention of the law, and no other construction will effect its object and promote justice in cases like the present. In fact they would be thwarted, if the appellee, whilst defeated in the district court as to a portion of his recovery below, obtains a judgment for an amount made to equal or exceed the sum recovered in the justice's court by reason of interest accumulating between the dates of the two judgments. The present case furnishes a good illustration of the injustice of a literal construction of the statute. Here the justice's court found that the cotton levied on was worth $70, and gave judgment against the claimants for that amount, together with interest for about one month and a half, and ten per cent. damages. The claimants, believing the judgment erroneous, appealed to the district court. One of the reasons for taking the appeal is to be gathered from the issues made in the court above, viz., that the value of the cotton had been assessed too high by the justice of the peace. This issue was sustained on appeal, and the district court found the cotton to be worth only $65.25, and gave judgment against the claimants for that amount, ten per cent. damages thereon and interest. Leaving out the interest in both judgments, that obtained above is less than the one recovered below by several dollars; but counting the interest that accumulated on the claim during the eighteen months transpiring between the dates of the two judgments, and that of the district court exceeds the judgment of the justice some three or four dollars.

The appeal has been prosecuted with effect; an erroneous judgment, rendered for too large an amount in the justice's court, has been corrected by the appeal. The claimants should not, according to the reason and spirit of the law, be taxed with the costs of a proceeding through which they righted a wrong and prevented injustice from being done them. We think the district court erred in taxing the costs of that court against the appellant, and its judgment will accordingly be reformed so as to allow a recovery by the appellants of the costs of the district court against the appellee.

REVERSED AND REFORMED.

[Opinion delivered October 30, 1885.]