## J. M. CONNER V. NELSON ELKINS ET AL.

(Case No. 1952.)

1. COSTS—APPEAL—REVISED STATUTES, ARTICLE 1432—In the justice court plaintiff recovered judgment foreclosing a lien on certain personal property if found, and if not, for the value thereof, which was assessed at $57.52. Upon appeal to the district court judgment was rendered for plaintiff for $55.50 and costs in the justice court, but against him for the costs of the district court. *Held:*

 (1) Each court rendered a money judgment against defendant. The amount recovered by the plaintiff on appeal being less than that in the justice court, the rule prescribed in Revised Statutes, Art. 1432, regulating costs, was applicable.

 (2) If the principal of the judgment rendered upon appeal be less than that of the judgment appealed from, the rule as to costs is the same, although the aggregate principal and interest of the former judgment exceed that of the latter. (Bailey *v.* James, 64 Tex., 546.)

2. PRACTICE—INTEREST—See opinion for an error of the lower court in failing to allow interest, not presented to the supreme court.

3. SAME—RECORD—See opinion for proceedings held no part of the record.

ERROR from Morris. Tried below before the Hon. W. P. McLean. The facts are stated in the opinion.

 *J. M. Moore,* for plaintiff in error, cited: R. S., 1340, 1432; Baily *v.* James, 64 Tex., 546; City of Austin *v.* Irwin, 3 Tex. Law Rev., 310.

No briefs on file for defendants in error.

GAINES, ASSOCIATE JUSTICE.—Plaintiff in error brought this suit in the justice court to recover of defendant, Elkins, money due from the latter to him as rent, and for advances made by him as Elkins' landlord, and also to enforce his lien against certain cotton alleged to have been raised on the rented premises and bought by his co-defendant, Tittle, at sheriff's sale, or to recover the value. He recovered judgment in justice court against Elkins for his debt, etc., and against Tittle enforcing his lien on the cotton, if it could be found, and if not, then adjudging that he should recover of Tittle the value thereof, which was assessed in that court at $57.52. Tittle appealed to the district court, and upon the trial there before a jury, a verdict was returned in favor of plaintiff against Tittle for the sum of $55.50, and the court gave judgment that plaintiff recover of said defendant the sum named and the costs of the justice court, but that Tittle recover of plaintiff the costs in the court above.

So much of the judgment as adjudged plaintiff in error to pay the costs of the district court is assigned as error. The point is not well taken. Tittle appealed and upon the new trial in the court above,

plaintiff in error recovered against him about $2.00 less than he recovered in the lower court. In such case the statute provides that the party appealing shall recover the costs of the court above. R. S., 1432; Bailey v. James, 64 Tex., 546; City of Austin v. N. T. Irwin, 3 Tex. Law Rev., 310. In the case first cited this court held, that the principal recovered in the district court, being less than that in the court below, the party appealing was entitled to recover the costs of the appeal, although the interest which had accrued between the dates of the two trials rendered the aggregate of the second judgment greater than the amount of the first.

It is insisted by counsel, however, that as to Tittle it was a proceeding *in rem* to subject the cotton to the payment of plaintiff's debt, and that the plaintiff's judgment in the district court foreclosed a lien on the identical property on which the lien was recovered in the court below, and that, therefore, the judgments are substantially the same. To this it must be replied, that the judgment of the justice court was in the alternative, that the lien be foreclosed on the specific cotton, but that if it could not be found, that plaintiff recover its value, namely $57.52, while on the other hand the judgment of the district court was that plaintiff recover the value which is there assessed at $55.50. Each embraced a money judgment against Tittle, and the second judgment was for a less sum than the first.

It is also assigned as error that the court did not allow interest upon the value of the property assessed by the jury. It may be that plaintiff was entitled to interest upon the value of the cotton from the time it was taken possession of by Tittle. If so, and he had asked a charge to that effect in the court below, and it had been refused, or if given, the jury had failed to allow interest, and the court had overruled a motion to set aside the verdict upon that ground, and the case had been brought here with a statement of facts, the question would have been presented for our consideration. Here we have the bare verdict of the jury saying in effect as to Tittle that the landlord's lien exists in favor of plaintiff on certain cotton received by him, valued at $55.50, and that they find in favor of plaintiff against Tittle for that sum. If the jury had found the date at which the cotton was converted by Tittle, then a predicate might have existed which would have authorized the court to award interest on its value. But upon the verdict as returned into court, judgment could only have been rightfully rendered for the amount named in it.

We find in the record a transcript of the proceedings in an original suit, instituted by plaintiff in error after the rendition of the judgment appealed from, to retax costs in this case and to reform the judgment.

The proceedings in this last suit are no part of the record in this case, and should not have been embodied in the transcript. There is no error in the judgment complained of, and it is affirmed.

AFFIRMED.

[Opinion delivered October 26, 1886.]