## No. 2887.

## J. B. Johnson v. The State.

1. Jurisdiction of the Inferior Courts—Constitutional Law.—Section 22 of article 5 of the State Constitution empowers the Legislature by local or general law to increase, diminish or change the civil and criminal jurisdiction of the county courts, and requires the Legislature, in the case of such change, to conform the jurisdiction of the other courts to the same.

2. Same.—Section 16 of the same article of the Constitution provides that "in all appeals from justice's courts there shall be a trial de novo in the county court, and when the judgment rendered or fine imposed by the county court does not exceed one hundred dollars, such trial shall be final," etc.

3. Same—Jurisdiction of the Court of Appeals.—By section 6 of the same article of the Constitution it is provided that the Court of Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade. This provision is re-enacted by article 66 of the Code of Criminal Procedure, which, however, is controlled by article 67 of the said Code, which expressly declares that article 66 shall not be so construed as to embrace cases which have been appealed from justice's, mayor's or other inferior courts to the county court, and in which the judgment or fine in the county court shall not exceed one hundred dollars, exclusive of costs.

4. Same.—Article 76a of the Code of Criminal Procedure provides that, "in all counties in which the civil and criminal jurisdiction, or either, of county courts has been transferred to the district courts, appeals and writs of certiorari may be prosecuted to remove a case tried before a justice of the peace to the district court, in the same manner and under the same circumstances under which appeals and writs of certiorari are allowed by general law to remove cases to the county court."

5. Same—Case Stated.—Under the above constitutional and statutory provisions, the Legislature, by act of March 27, 1879, divested the county court of San Augustine county of all jurisdiction in misdemeanor cases, and conferred the same upon the district court of said county. This case originated in the justice's court, where a fine of five dollars was imposed upon the accused. He appealed to the district court, wherein, upon a trial de novo, a fine of five dollars was again assessed against him, and this proceeding is an attempted appeal to this court from the latter judgment. Held, that no appeal to this court lies from said judgment of the district court, and the cause is dismissed for want of jurisdiction by this court. See the opinion in extenso.

Appeal from the District Court of San Augustine. Tried below before the Hon. J. I. Perkins.

The conviction in this case was for disturbing the peace, and the penalty assessed against the appellant was a fine of five dollars. The opinion states all matters relevant to the rulings.

*McClure & Gibson*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

ON MOTION FOR REHEARING.

WHITE, PRESIDING JUDGE. By an act of the Legislature approved March 27, 1879, entitled "An act to diminish the civil and criminal jurisdiction of the county courts of certain counties in this State and conform the jurisdiction of the district courts of said counties to such change," the county court of San Augustine county, amongst others, was deprived of all jurisdiction in misdemeanor cases, and in such cases jurisdiction was conferred upon the district court of said county. (Gen. Laws, 16th Leg., pp. 68, 69; Sayles's Texas Civ. Stats., art. 1172c.)

Section 22, article 5, of the Constitution, empowers the Legislature "by local or general law to increase, diminish or change the civil and criminal jurisdiction of county courts; and in cases of any such change of jurisdiction the Legislature shall also conform the jurisdiction of the other courts to such change."

By provision of section 16, article 5, of the Constitution, it was further declared that "in all appeals from justice's courts there shall be a trial de novo in the county court, and when the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars, such trial shall be final," etc.

It is also provided by the sixth section of article 5 of the Constitution that the Court of Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, and this constitutional provision is re-enacted by the sixty-sixth article of the Code of Criminal Procedure. But by express provision of article 67, Code of Criminal Procedure, it is declared that "the preceding article (66) shall not be so construed as to embrace cases which have been appealed from justice's or mayor's, or other inferior courts to the county court, and in which the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars, exclusive of costs. In such cases the judgment of the county court shall be final."

Thus it will be observed that by constitutional provisions, statutory enactments, as well as by repeated decisions of this court, the rule is established that "when the fine assessed in the county court in a case appealed from an inferior court does not exceed one hundred dollars, the judgment of the county court is conclusive and no appeal from it can be entertained by the Court of Appeals." (Richardson v. The State, 3 Texas Ct. App., 69; Gerald v. The State, 4 Texas Ct. App., 308; Cherry v. The State, Id., 4; Willson's Crim. Stats., secs. 1527, 2633.)

Article 76a, Code of Criminal Procedure, provides that, "in all counties in which the civil and criminal jurisdiction, or either, of county courts has been transferred to the district courts, appeals and writs of certiorari may be prosecuted to remove a case tried before a justice of the peace to the district court, in the same manner and under the same circumstances under which appeals and writs of certiorari are allowed by general law to remove causes to the county court."

This latter article was adopted after the revision of our statutes by an act of the Legislature approved April 21, 1879. (Acts Sixteenth Legislature, p. 125; Sayles's Civil Stats., art. 1638a; Willson's Crim. Stats., sec. 1548.) In our opinion, this article settles the question presented and so urgently and ably insisted upon in connection with the motion for rehearing under consideration.

This case originated in a justice court, and upon a trial therein appellant was found guilty and fined in a sum of five dollars. He appealed to the district court, in which court he was again, upon a trial de novo, convicted and fined in the sum of five dollars. From that judgment he attempted another appeal to this court, but his appeal was dismissed on motion of the Assistant Attorney General, because the case was one in which the prosecution was begun in the justice court and appealed to the district court, and, the fine in the latter court not exceeding one hundred dollars, the judgment was final and an appeal would not lie therefrom to this court.

Appellant admits that the dismissal would have been correct had the appeal to this court been from a county instead of a district court, but contends that the rules provided in such cases for the county court are exclusive as to that court, and can not be made to apply where the case is appealed from a judgment of the district court. In support of his position, he cites us to Perito v. Rodgers, 52 Texas, 581; Bailey & Goodjohn v. James,

·64 Texas, 546, and Seymour v. Hill, 67 Texas, 385, wherein our Supreme Court entertained appeals from the district court in cases originating in justice courts, and where the judgments in the district court appealed from were less than one hundred dollars. A good and most satisfactory and conclusive reason why the Supreme Court exercises such jurisdiction is ·stated as follows in Perito v. Rodgers, viz: "The jurisdiction of this (Supreme) court is not limited in the Constitution, or statutes enacted in pursuance thereof, by the amount of the judgment ·appealed from."

On the other hand, we have seen that both the Constitution and statutes make the judgments of county courts in cases appealed from justice courts final, where the judgment rendered or fine imposed is less than one hundred dollars; and, if these judgments are final, then it is manifest that this court has no jurisdiction when it is sought to bring such cases here. The limitation upon our jurisdiction in such cases is as perfect and ·complete as if expressed in so many declaratory words.

By the act of April 21, 1879, which we have above quoted, and which Judge Willson gives as article 76a, in his Code of Criminal Procedure, and which is given by Mr. Sayles in his Civil Statutes as article 1638a, it is expressly provided, as we have seen, that where the county court jurisdiction has been done away with, and such cases are made appealable to the district court, the appeal is to be prosecuted "in the same manner and under the same circumstances" as they would have been in the county courts. One of the circumstances attendant upon such appeals in the county court is that the judgment will be final if it does not exceed one hundred dollars. Such appeals are only. allowed to the county court coupled with that condition.

But suppose our construction of this statute is strained, we are still of opinion, independently of its provisions, that the plain object, intent and purpose of our constitutional and statutory provisions upon the subject is to limit the right of appeal to this court in cases originating in a justice court and appealed therefrom to any intermediate tribunal wherein the judgment rendered or fine imposed does not exceed one hundred dollars. The motion for rehearing is overruled.

*Motion overruled.*

Opinion delivered November 14, 1888.