MAY COREY v. THE STATE.

*No. 6810.    Decided May 3.*

1. **City Court of Dallas—Jurisdiction.**—When this indictment—for keeping a disorderly house—was found on January 16, 1889, the County Court of Dallas County had jurisdiction of such offenses. The new charter of the city of Dallas was passed

and approved on March 13, 1889, and was so amended on the 27th day of March, 1889, as to create the City Court of the City of Dallas. The said amendment, which took effect immediately under an emergency clause, invested the City Court with exclusive jurisdiction over disorderly houses and female vagrants, but neither the new charter nor the said amendment, which took effect from their passage, contained a saving clause, nor made any provision for prosecutions for keeping disorderly houses then pending in the County Court. But *held*, that notwithstanding these omissions the amendment of March 27, which was in force at the time of the trial of this case, by reason of the exclusive jurisdiction over disorderly houses it conferred upon the City Court, operated to oust the County Court of jurisdiction.

2. Same—Constitutional Law.—It was contended by the State on this appeal that the amendment to the city charter of Dallas of March 27, 1889, is unconstitutional because repugnant to sections 1 and 22 of article 5 of the Constitution of this State. But *held*, that the position is not well taken, and that the amendment is constitutional. See the opinion on the whole question.

APPEAL from the County Court of Dallas. Tried below before Hon. E. G. Bower, County Judge.

The opinion discloses the case. The penalty assessed was a fine of $100.

*R. E. Cowart*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for keeping a disorderly house. Before the trial was had the charter of the city of Dallas was amended by act of the Legislature. The amendment is as follows:

"Section 25. The judicial power of the city of Dallas shall be and the same is hereby vested in a court to be known as the Dallas City Court, to be presided over by a judge to be known as the city judge, which court is hereby created and established with a criminal jurisdiction as follows: First—To try, hear, determine, and punish all misdemeanors over which the Recorder's Court of Dallas now has jurisdiction. Second—To try, hear, determine, and punish all misdemeanors arising under the provisions of this chapter; to have concurrent jurisdiction with State courts over all misdemeanors against the State laws committed within the city limits, except theft, swindling, aggravated assault and battery, keepers or exhibitors of such games as are prohibited by law, and those involving official misconduct; and to have exclusive jurisdiction over disorderly houses and female vagrants." * * *

It is admitted by the State that the section of the statute above quoted passed under the emergency clause on the 27th day of March, 1889, and was approved by the Governor on the same day, and was in full force and effect from and after said date and on the day and date of the trial of this cause in the County Court.

It is further admitted by the State that the new charter of the city of Dallas, passed and approved March 13, 1889, and the section as amended,

heretofore quoted in full, contained no saving clause, and that no provision was made in either the new charter approved March 13, 1889, or in the act above quoted, in regard to prosecutions then pending for the offense of keeping a disorderly house in the County Court of Dallas County, or in any other State court; and that both the Act of March 13, 1889, and the act amendatory thereof, were in full force and effect from and after their approval respectively. It is further admitted that at the date of the filing of the indictment in this case, to-wit, on January 16, 1889, and the time covered by said indictment, the County Court had jurisdiction of this case, as it was not until after that time that the city was given exclusive jurisdiction, on, to-wit, the 27th day of March, 1889.

The County Court having jurisdiction of this offense when the indictment was presented and at the time covered by the allegations of the indictment, and the amendment being in force at the time of the trial, was the jurisdiction of the County Court ousted by the amendment?

This is the first question presented. As neither the new charter of the city nor the amendment to section 25 contains a saving clause or any provision in regard to pending prosecutions for keeping disorderly houses, counsel for appellant contends that the jurisdiction of the County Court, by virtue of that provision of section 25 which confers "exclusive jurisdiction over disorderly houses and female vagrants" within the city upon the City Court of the city of Dallas, is taken away; that this is so whether there be provision for transferring such cases to the City Court or not; that when the amendment of the charter took effect jurisdiction of the County Court was ipso facto ousted.

We think these propositions of appellant are sound; and hence the County Court was without jurisdiction to try this case, if the change in the jurisdiction was made constitutionally.

The Assistant Attorney-General contends that this was not done, citing article 5, section 22, of the Constitution, which reads: "The Legislature shall have power by local or general law to increase, diminish, or change the civil and criminal jurisdiction of County Courts; and in cases of any such changes of jurisdiction the Legislature shall also conform the jurisdiction of the other courts to such change."

It is contended that the act does not conform the jurisdiction of the County Court to the change; that it should have been provided, not inferentially but directly, that the County Court should no longer have jurisdiction of such offenses. The charter gives to the City Court exclusive jurisdiction of this offense. Under the form of this act it is unnecessary to deprive the County Court of jurisdiction directly or in terms, because the act vesting exclusive jurisdiction in the City Court evidently divests the County Court of jurisdiction. If an act should directly divest the County Court of a certain county of its civil or criminal jurisdiction, then it would be necessary to pass an act vesting such jurisdic-

tion in the District Court or some other court. Why? Simply for the reason that without such an act the District Court would not have such jurisdiction, and in the absence of such an act the act depriving the County Court of such jurisdiction would be void because of the requirement of section 22 of article 5 of the Constitution.

The Assistant Attorney-General contends that the act creating the City Court of Dallas is without authority in the Constitution—that it is in fact in violation thereof, in this: that section 1 of article 5 of the Constitution provides that the judicial power of this State shall be vested in certain named courts; that the judicial power referred to means the judicial power of the State, and not the judicial power of a city; that while the Legislature may create other courts, they must be State and not city courts.

To this we can not agree. The terms of the Constitution are broad and comprehensive. "Such other courts as may be established by law," is the language used. Now, whether these courts be established for counties or cities, they would be tribunals vested with judicial powers of the State. If the position assumed by counsel for the State be correct, then it follows that mayors, recorders, and city judges could not have jurisdiction to try and punish any misdemeanor which would be an offense against the Penal Code, and that all acts vesting jurisdiction in such courts over such offenses are unconstitutional. In other words, that no city court has jurisdiction over any offense known to the Penal Code, because the judicial power of the State is vested and can be vested only in State tribunals, as distinguished from town and city tribunals.

We are of the opinion that the judicial power of the State can be conferred upon district, county, precinct, or city tribunals, and that the city tribunal or court in trying a case would be exercising judicial power of the State.

The judgment is reversed, and the prosecution in the County Court is dismissed.

*Ordered accordingly.*

Judges all present and concurring.