### F. E. MUENCH v. D. & A. OPPENHEIMER.

#### No. 129.

**1. Jurisdiction of County Courts—Constitutional Amendment.**

The constitutional amendment of 1891 relating to the judiciary did not restore to the County Courts the jurisdiction that had been previously taken from them and vested in the District Courts by acts diminishing the jurisdiction of the County Courts of certain counties......... 569

**2. Same.**

Article 22 of section 5 of the State Constitution, empowering the Legislature to diminish or change the jurisdiction of County Courts. was not changed; and it is a reasonable presumption that it was the intention to continue it in uninterrupted operation ....................... 570

CERTIFIED QUESTIONS from Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The case is an appeal from the District Court. The cause of action was a money demand in sum of $200.70, evidenced by a promissory note. Suit was begun by petition filed in the District Court of Bexar County for the Forty-fifth Judicial District, on November 11, 1893. The judgment appealed from was rendered November 29, 1893, by said court.

*Solon Stewart*, for appellant.—The only question presented in this case for the decision of the court is, has the District Court of Bexar County jurisdiction to take cognizance of and to render judgment in a case where, as affirmatively shown by the record, the amount in controversy is less than $500?

It is insisted, that since the adoption of the amendments to the different sections of article 5 of the State Constitution, the District Courts of Bexar County have no jurisdiction in cases where the amount sued for or in controversy is less than $500; and plaintiffs' petition in this case affirmatively showing that the sum sued for amounts to $200.70, and interest and 10 per cent attorney fees, the court was wholly without jurisdiction, and its judgment is void, and should have been set aside and the cause dismissed on the motion made by defendant. Const., art. 5, secs. 8, 16, 22; Const., art. 5, secs. 8, 16, as amended in 1891; Laws 1881, p.

13; Long v. The State, 1 Texas Ct. App., 709; Ex Parte Velasquez, 26 Texas, 178; Bryan v. Sundberg, 5 Texas, 418.

*John R. Shook*, for appellees.

GAINES, ASSOCIATE JUSTICE. — The Court of Civil Appeals submits for our determination the following question, with an accompanying statement showing how the question arose in that court:

" Did the constitutional amendment of 1891, relating to the judiciary, restore to the County Courts the jurisdiction that had been previously taken from them and vested in the District Courts by acts diminishing the jurisdiction of the County Courts of certain counties, among which was that of the County Court of Bexar County ?"

We are of the opinion that the question should be answered in the negative. Original section 16 of article 5 of the Constitution of 1876 defined the jurisdiction of the County Courts, and also pointed out the cases in which appeals should be allowed from these courts, as well as the tribunals to which such appeals should be taken. But section 22 of the same article expressly gave the Legislature the power to change the jurisdiction of the County Courts, and to conform the jurisdiction of other courts to such change. The latter section clearly empowered the Legislature to take away the jurisdiction of the County Court of any particular county, and to confer it upon the District Court of such county.

Section 16, together with other sections of article 5, were amended in 1891 by a vote of the people; but section 22 was left unrepealed and unchanged. By these amendments a Court of Criminal Appeals was established, with appellate jurisdiction over criminal cases only, in lieu of the former Court of Appeals, the jurisdiction of which extended to all appeals from judgments in criminal cases both in the County and District Courts and to appeals from the judgments of the County Courts in certain civil cases. Perhaps it would be more accurate to say that the civil jurisdiction of the Court of Appeals was taken away and its name was changed. The jurisdiction of the former Court of Appeals in civil cases, as well as the jurisdiction which was formerly conferred upon the Supreme Court, was conferred upon the new courts which were created by the amendments, and which were denominated Courts of Civil Appeals.

In order to conform section 16 to these changes, it was necessary to amend that section so as to provide that appeals from the County Courts should be taken in criminal cases to the Court of Criminal Appeals and in civil cases to the Courts of Civil Appeals. This end was accomplished by substituting for the original a new section, with the same number, with amendments incorporated so as to effect the changes above indicated.

The amended section provides also for appeals from all judgments of the County Courts in cases both civil and criminal; whereas the original

section provided that all judgments of the County Courts which did not exceed $100 should be final. Provision was also made for the appointment of special judges in the County Courts, in cases in which the regular judge should be disqualified. These are the changes made by the amended section.

There is no change in so much of the original section as defines the jurisdiction of the County Courts. Except that in the new section a single word is omitted, which does not affect the meaning, the respective provisions on this subject in the two are expressed in precisely the same language.

Now if the section had been amended by simply providing that appeals should be allowed from all judgments in civil cases in the County Courts to the Courts of Civil Appeals, and from all judgments in criminal cases to the Court of Criminal Appeals, could it be seriously maintained that this would operate a repeal of the legislation which had changed the original and appellate jurisdiction of the County Courts, under the authority of section 22 ?

Section 36 of article 3 provides, that "no law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length." Whether this should apply to an amendment to the Constitution or not, we need not inquire. It has been the custom of our Legislature to follow the provision in submitting amendments to the Constitution; and we think that the construction should be the same, whether the amendment be effected by an entire substitution or by a mere declaration that the law or section named should be amended in one or more particulars. The purpose to keep in force as continuing the law the provisions that are not amended are as clearly evinced in the one case as in the other.

Judge Cooley lays down the rule upon this subject in the following language: " When a Constitution is revised or amended, the new provisions come into operation at the same moment that those they take the place of cease to be of force; and if the new instrument re-enacts in the same words provisions which it supersedes, it is a reasonable presumption that the purpose was not to change the law in these particulars, but to continue it in uninterrupted operation. This is the rule in the case of statutes, and it sometimes becomes important, where rights had accrued before the amendment or revision took place. Its application to the case of an amended or revised Constitution would seem to be unquestionable." Cool. Const. Lim., 75. In the propositions thus announced we fully concur. They are decisive of the question referred to us.

But if we proceed broadly upon the intention of the Legislature, as derived from the language of the amendment, viewed in the light of the evil that was intended to be remedied by their adoption, the correctness

of our conclusion is even more manifest. The main purpose was to re-model our appellate system, so as to relieve the dockets of the Court of Appeals and the Supreme Court, and to secure a prompt disposition of cases on appeal. Incidentally, the jurisdiction of the District Court was enlarged, but that of the County Court was in no respect changed. That provision which authorized the Legislature to take away the jurisdiction of the County Courts, and to confer it upon the District Courts, as we have seen, was left unaffected in any manner by the amendment. It is evident, that it was not the purpose to change the former policy in this particular, and that it was not intended to annul the previous legislation which had been enacted under the authority of that provision; a result which would have subserved no useful end, but which would have led to great inconvenience, as well as to unnecessary confusion and delay in many pending causes.

Delivered April 23, 1894.