FLEMING et al. v. BONINE et al. (No. 5927.)

(Court of Civil Appeals of Texas. Austin. May 15, 1918.)

1. BAIL ⟺85—JURISDICTION—BAIL BOND.
   In view of Const. art. 5, § 19, providing that justices of the peace shall have such other criminal jurisdiction as is provided by law, and Code Cr. Proc. 1911, art. 107, providing that justices of the peace shall have power to take forfeiture of all bail bonds given for the appearance of any parties at their courts regardless of amount, where defendant did not appear in justice court for his examination in accordance with his bail bond therein for $7,500, a justice court had jurisdiction to enter judgment against defendant and his securities forfeiting the bond, although the grand jury had returned an indictment against defendant for the same offense.

2. BAIL ⟺93—VOID JUDGMENT—COLLATERAL ATTACK.
   The omission of the name of the defendant from a judgment forfeiting his bail bond would not render it void so as to be subject to collateral attack.

3. JUDGMENT ⟺521—VOID JUDGMENT—COLLATERAL ATTACK.
   Injunction to restrain sale under execution issued upon a justice court judgment forfeiting bail bond was a collateral attack on judgment, not permissible where judgment was not void.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Gertie Bonine and others against S. S. Fleming and another. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Jno. B. McNamara and D. C. Woods, both of Waco, for appellants.

RICE, J. According to the brief of counsel, this suit was instituted by appellees, as

heirs of J. M. Saffel, deceased, against S. S. Fleming, as sheriff, and John B. McNamara, county attorney of McLennan county. Its purpose was to restrain the levy of an execution upon land alleged to belong to plaintiffs. The execution was issued upon a judgment in the justice court, precinct No. 1, of said county, in a cause wherein the state of Texas was plaintiff and Hugh Saffel, W. B. Saffel, J. M. Saffel, C. A. Saffel, and L. B. Saffel were defendants. The suit was based upon a forfeited bail bond given on August 12, 1915, by Hugh Saffel as principal and the other named Saffels as sureties, in the sum of $7,500, conditioned for the appearance of Hugh Saffel before said court as an examining court, on the 16th day of August, 1915, there to remain from day to day until the examination against him for the offense stated in the bond, to wit, rape, was completed.

On October 23, 1915, the grand jury of McLennan county indicted said Hugh Saffel for the offense charged against him in the justice court. His case in the district court upon the indictment was set for November 1, 1915. On that day it was discovered that he had not been rearrested, and had not made bond for his appearance in the district court. Thereupon the case in the justice court was called for trial; it not having been before begun; and upon failure of the defendant to appear in answer to the call, judgment nisi, forfeiting the $7,500 bail bond, was entered. Subsequently scire facias was issued to the sureties, and at the January term, 1916, judgment final by default was rendered against them, but not against Hugh Saffel. The first execution was returned nulla bona, and thereafter the execution enjoined by this suit was issued. Temporary injunction formerly issued by the district court was perpetuated upon final hearing.

Both of the above contentions as a basis for the writ of injunction were found to be true by the court, and said court concluded, as a matter of law:

(1) That the examining justice lost jurisdiction to proceed with said examining trial of Hugh Saffel upon the complaint filed in his court, upon the return of the indictment against him on October 23, 1915, when said bail bond thereupon became functus officio.

(2) It found that in pursuance of the first finding of law, said justice of the peace and examining magistrate had no authority to render the judgment nisi and the judgment final upon said bail bond, as he had lost jurisdiction of the case through the grand jury's action.

(3) The court further found that the judgments of the justice court were void, and plaintiffs herein were entitled to a perpetuation of their injunction against the attempted levy of an execution upon said judgment.

(4) The court further found that the judgment in the justice court was void, because of the omission of the name of Hugh Saffel, the principal in the bond, as one of the defendants.

The final judgment of the justice court, which was introduced in evidence, was regular on its face, and shows judgment against Hugh Saffel and the sureties on said bond.

[1, 2] Said conclusions of law and judgment of the court are assailed by appropriate assignments; and the question involved in this appeal is whether or not the justice of the peace had jurisdiction to render the judgment sought to be enjoined, or whether the alleged omission of the name of Hugh Saffel from the judgment rendered the same void. Though a justice court ordinarily has no right to entertain jurisdiction when the amount in controversy is more than $200, it is expressly authorized to forfeit bail bonds, irrespective of the amount in controversy, in felony examining trials. Article 107 of the Code of Criminal Procedure 1911; State Constitution, article 5, § 19; Garner v. Smith, 40 Tex. 505.

[3] The attack upon the judgment in the present case is collateral and not direct; it being an effort to restrain the same by an injunction. See Texas Central R. R. Co. v. Hoffman, 193 S. W. 1140, and authorities there cited. Upon its face, the judgment in the justice court is not void, and from it and the proceedings in the case upon which it is based, the justice court had jurisdiction. This being true, we think the court erred in holding that its judgment was void and subject to collateral attack.

There was some evidence offered on the issue of homestead, but the same was meager and unsatisfactory, and could, in our opinion, be more fully developed on another trial.

The case, therefore, will be reversed on this issue, as well as on the other two.

Reversed and remanded.