## EX PARTE ETHEL BENNETT.

### No. 5335.   Decided March 12, 1919.

### Rehearing denied May 21, 1919.

**1.—Habeas Corpus—Jurisdiction—Corporation Court—County Court—Constitutional Law.**

Section 144, of the Special Act of the Thirty-third Legislature, amending previous special Acts, granting a city charter to the city of Texarkana, Texas, providing for a Corporation Court in said city, and providing that where the fine in said court is in excess of twenty-five dollars there shall be a right of appeal to the Court of Criminal Appeals of Texas, and depriving the County Court of Bowie County of its appellate jurisdiction over cases tried in said Corporation Court which are for violations of the State laws, and were of such character that Justice Courts had original jurisdiction thereof, is valid and constitutional;   and does not conflict with Section 1, 5, 16 and 19, article 5, of the Constitution of Texas, nor with other provisions of said constitution.

**2.—Same—Case Stated—Right of Appeal—Practice on Appeal—Habeas Corpus.**

Where relator showed that she was convicted for the offense of vagrancy as defined by the penal statutes of the State of Texas, in the Corporation Court of the City of Texarkana, and was fined in the sum of ten dollars and costs; that she appealed to the County Court of Bowie County, Texas, that said County Court dismissed her appeal for want of jurisdiction, because the fine assessed in said Corporation Court did not exceed the sum of twenty-five dollars, and that relator should have appealed to the Court of Criminal Appeals of Texas, and the relator contended she was therefore denied a trial de novo in said County Court. and that said special charter is therefore unconstitutional, and appealed to the Court of Criminal Appeals, which court affirmed the said judgment of the County Court, whereupon relator presented an original application for habeas corpus to this court asking release from arrest under a capias profine of said Corporation Court.   Held, that relator be remanded to custody.

**3.—Same—Jurisdiction—County Court—Constitutional Law.**

As to the power of the Legislature to change both the original and the appellate jurisdiction of the County Court. there seems now little, if any, doubt, under section 22, article 5, of the Constitution of Texas.   Following Chapman v. State, 16 Texas Crim. App., 76, and other cases.   The Legislature has authority, under the Constitution, by local or general laws, to change the jurisdiction, either original or appellate, of the County Court;   and the special Act, creating the Corporation Court of the City of Texarkana, which takes away the appellate jurisdiction of the County Court of said Bowie County over those violations of State laws of which the Justice Court had original jurisdiction, in such cases as were filed and tried in said Corporation Court, is valid and constitutional.   Overruling Leach v. State, 36 Texas Crim. Rep., 248.   Qualifying Johnson v. State, 42 Texas Crim. Rep., 103; State ex rel. Bergeron v. Travis County Court, 76 Texas Crim. Rep., 147, 174 S. W. Rep., 365.   Distinguishing Ex parte Myer, 207 S. W. Rep. 105.

**4.—Same—Right of Appeal—Constitutional Law—Amount of Fine.**

The Legislature, under Section 5, article 5, of the Constitution of Texas, which defines the power and jurisdiction of the Court of Criminal Appeals, may fix a limit on appeals from cases originating in the County Court, and we see no reason why it may not also limit appeals from other courts. created by the Legislature, having coordinate jurisdiction with the County Court, and make such right of appeal determinable by the amount of fine

imposed. If the Legislature had power to enact Article 87, Penal Code, under the provision of Section 16, Article 5, of the Constitution of Texas, limiting appeals to this court from the County Court where the fine was not more than one hundred dollars, it has the power to fix the limitation of twenty-five dollars in a court of similar jurisdiction, to wit, the Corporation Court of the City of Texarkana.

### 5.—Same—Right of Appeal—Constitutional Law—Rule⁰ Stated.

There is no such thing as right of appeal, except as the same may be conferred by the body of our laws made up of our Constitution and legislative action; and being wholly derived therefrom, such right of appeal moves only in channels fixed by such legal direction.

### 6.—Same—Constitutional Law—Right of Appeal.

Section 5, Article 5, of the Constitution of the State of Texas provides that the Legislature may make regulations, which, if not followed, may prevent successful appeals, and make exceptions to the general rule authorizing appeals to this court, such exception should necessarily be reasonable, and under the granted authority, denying the right of appeal from the County Court to this court, when the fine is not more than one hundred dollars, there is no reason why it may not do so when the fine is less than twenty-five dollars in the Corporation Court of Texarkana.

### 7.—Same—Constitutional Law—Jurisdiction.

The fact, in a given case, that one accused of misdemeanor may not have any right of appeal because of the small fine, is not more an argument against a law so directing, or the court so holding, than to inveigh against the injustice of giving one man one appeal, while another, for the same offense, may have two, dependent entirely on the amount of his fine, and whether his case was originally filed in the Justice Court or the County Court.

### 8.—Same—Statutes Construed—Special Act of the Legislature.

Relator's contention that the opinion of this court strikes down Articles 873 and 874, Vernon's C. C. P., relating to appeals in general, is untenable, as these are general statutes and would not control the provision of the special law relating to appeals from the Corporation Court of the City of Texarkana, which is authorized under our constitution as amended.

From Bowie County.

Original habeas corpus proceedings, asking release from arrest under a judgment of the Corporation Court of the City of Texarkana, imposing a fine of ten dollars for a violation of the State Vagrancy law.

The relator was fined for a violation of the State Vagrancy law in the Corporation Court of the City of Texarkana, Texas, on July 18, 1917, in the sum of ten dollars and costs. She thereupon appealed to the County Court of Bowie County, Texas, which latter court dismissed her appeal for want of jurisdiction, because the fine imposed did not exceed the sum of twenty-five dollars as provided in Sectin 144, Special Act of the Legislature, creating said Corporation Court, and denying the right of appeal where a fine is under said amount, and providing that an appeal shall lie only to the Court of Criminal Appeals of Texas.

The State contended that, this judgment of the County Court was upheld in an appeal to the Court of Criminal Appeals in the case of Bennett v. State, 204 S. W. Rep., 333, decided June 5, 1918, and the relator remanded to custody, and that the Corporation Court of the City of Texarkana had jurisdiction of the case; that its judgment was final, and had power to issue a *capias profine* and collect the fine together with all costs; and that relator's application for relief· to this court, and for writ of *habeas corpus* asking release under said *capias profine* should be denied.

*T. N. Graham,* and *Dorough, Crumpton, & Lincoln,* for relator:— On question that provision in Texarkana Charter, directing appeals to the Court of Criminal Appeals is unconstitutional: Leach v. State, 36 Texas Crim. Rep., 248; Johnson v. State, 42 id., 103; State ex rel. Bergerson v. Travis County Court, 76 Texas Crim. Rep., 147, 174 S. W. Rep., 365; Ex parte Meyer, 207 S. W. Rep., 105; Chase v. Swain, 88 Texas, 218.

*E. A. Berry,* Assistant Attorney General, and *W. V. Brown,* for the State:—Cited Ex parte Hart, 41 Texas Crim. Rep., 581, 56 S. W. Rep., 341; Bennett v. State, 204 S. W. Rep., 333; Cornelius v. City of Dallas, 39 S. W. Rep., 679; George v. City of Dallas, 39 S. W. Rep, 1118; Ex parte Abrhams, 56 Texas Crim. Rep., 468, 120 S. W. Rep., 883; Fricks v. State, 58 Texas Crim. Rep., 100, 124 S. W. Rep., 922; State ex rel. Bergeron v. Travis County Court, 76 Texas Crim. Rep., 147, 174 S. W. Rep., 365.

LATTIMORE, JUDGE.—In 1907, by special Act of the Legislature, a city charter was granted to the city of Texarkana, Texas. Section 131 of said Act defines the powers and duties of the Corporation Court of said city, which was given concurrent jurisdiction with both Justice and County Courts in criminal cases arising under State laws within the territorial limits of said city; said section contains the following: "And the jurisdiction of the County Court of Bowie County, Texas, shall be, and is hereby conformed to the changes hereby made." This section of said Act does not seem to have been changed since its passage. Another section, 144, provided that all appeals from said court should be returnable to, and tried by, the County Court of Bowie County from which, if the amount of fine was more than one hundred dollars, the case might be appealed to the Court of Criminal Appeals under the rules of procedure prescribed by said laws.

By amendment to this charter Act in 1909, page 129, Special Laws of the Thirty-first Legislature, section 144 was so changed as to give the right of appeal to the Court of Criminal Appeals from any conviction in said Corporation Court whether for violation of ordinances or State laws, appeals to the County Court of Bowie County

being omitted from said amended Act, which also contained a provision that the jurisdiction of the County Court of Bowie County was conformed thereto. We take it that these provisions conforming the jurisdiction of the County Court of Bowie County to the court thus created could only relate to the appellate jurisdiction of the County Court. as no change was made in its original jurisdiction.

Again, in 1913, by amendment to this same charter (p. 232, Special Laws of the Thirty-third Legislature), said section 144 was again changed, and when the relator was convicted the same read as follows.:

"Section 144: From every conviction had in the corporation court of the city of Texarkana, Texas, where a fine in excess of twenty-five dollars has been imposed, there shall be a right of appeal, whether such conviction be had under a prosecution for a violation of an ordinance of the said city, or a law of the State; but such right of appeal shall lie only to the Court of Criminal Appeals. of Texas; and all appeals accordingly be returnable to the Court of Criminal Appeals of Texas, and not otherwise; and the procedure on appeals from such corporation court, shall in all respects, or as far as practicable, be governed by the laws of the State of Texas, regulating appeals from the county court to the Court of Criminal Appeals, except that the bond or recognizance, on such appeal, shall be payable to the State of Texas, for the use and benefit of the City of Texarkana, Texas, and shall contain a recital of such provisions, and every forfeiture, penalty or recovery thereon, shall, accordingly be paid into the treasury of said city and the jurisdiction of the County Court of Bowie County is conformed hereto."

The effect of these two last mentioned amendments, as far as they relate to the question at issue before us in the instant case, was to deprive the County Court of Bowie County of its appellate jurisdiction over those cases tried in said Corporation Court, which were for violations of State laws, and were of such character that Justice Courts had. original jurisdiction thereof.

Relator's first contention in the matter now before the court is that this was an effort on the part of the Legislature to do that which it had no constitutional power to do. Let us see:

Section 1, article 5 of our Constitution, among other things, provides: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." With the wisdom or unwisdom of this granted power we have nothing to do. It appears clear that thereby the people have given the Legislature power to establish "such other courts as it may deem necessary," and by enactment to prescribe the jurisdiction of such courts, and also likewise to conform the jurisdiction of the district and other inferior courts thereto. By inference and deduction this might mean that the Legislature is

without power to change the jurisdiction of the Supreme Court and the Court of Criminal Appeals to conform to that of other created courts. There can be no question, under the plain language of this section of the Constitution, but that if the original jurisdiction of an inferior court can be changed by legislative enactment, the same power of change extends to appellate jurisdiction, except the attempted exercise of such power to change conflict with some constitutional denial thereof.

As to the power of the Legislature to change both the original and the appellate jurisdiction of the County Court, there seems now little, if any doubt. Section 22, article 5 of the Constitution provides as follows: "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction the Legislature shall also conform the jurisdiction of the other courts to such change." This means appellate jurisdiction as well as original, as was held by this court in Miman v. Eidman, 1 White & Wilson, sec. 630. It also means, as held in the cases of Chapman v. State, 16 Texas Crim. App., 76; Johnson v. State, 26 Texas Crim. App. 395; Mora v. State, 9 Crim. App., 406; Corey v. State, 13 S. W. Rep., 778, and Muench v. Oppenheimer, 86 Texas, 568, that in case the Legislature saw fit to entirely divest the county court of criminal jurisdiction, original or appellate, it has that power. We are not unmindful, nor were the courts rendering the decisions cited, that in section 16, article 5 of the Constitution, it is provided in prescribing the powers and duties of county courts, that they shall have appellate jurisdiction in cases, civil and criminal, of which justice courts have original jurisdiction; but we observe that the concluding part of that paragraph of the Constitution reads as follows: "Under such regulations as may be prescribed by law." So also must this provision of the Constitution be considered and construed in connection with section 22 and section 1, and other parts of said instrument. In Muench v. Oppenheimer, supra, construing sections 16 and 22, even before the 1891 amendment, Judge Gaines says: "The latter section clearly empowered the Legislature to take away the jurisdiction of the county court of a particular kind and to confer it upon the district court of such county;" and later in said opinion, after a review of the changes made by the amendment of 1891, which is our present Constitution, this distinguished jurist observes: "Incidentally the jurisdiction of the district court was enlarged, but that of the County Court was in no respect changed. That provision which authorizes the Legislature to take away the jurisdiction of the county courts was left unaffected in any manner by the amendment." Our conclusion is that the Legislature unquestionably has the power, by local or general laws to change the jurisdiction, either original or appellate, of the county court.

There is only one way in which it can be claimed that such charter Act changed, increased or diminished the jurisdiction of the County Court of Bowie County, and that is, by taking away its appellate jurisdiction over those violations of the State laws of which the Justice Courts had original jurisdiction in such cases as were filed and tried in the Corporation Court.

Jurisdiction as applied to courts, means the judicial power to hear and determine causes, and after the passage of such charter acts, both Justice Courts and County Court had the same original concurrent power to hear and determine causes as before, and the County Court had the same appellate jurisdiction over cases tried in the Justice Courts, but was without appellate jurisdiction over such cases as the Justice Courts had original jurisdiction of, which were filed and tried in the said Coporation Court. We might express the same thing by saying that the Corporation Court of Texarkana was given exactly the same original judicial power over criminal cases originating in the city of Texarkana as was the County Court, both as to trial jurisdictions and the method of appeal therefrom. Relator would not seriously contend that the language used in section 16, article 5, which says that the County Court has appellate jurisdiction over all criminal cases over which the Justice Courts have original jurisdiction, is to be taken literally, for that would necessarily mean that if this relator's case had been filed originally in the County Court of Bowie County and there tried, nothwithstanding it was a case of which the Justice Court had original jurisdiction, that then she would then have the right by appeal to the County Court to have it again there tried by the said court as an appellate court. Of course, it is apparent at a glance that a contention like this could not be seriously made, and yet that is really the gist of this question. It is as if one were contending in a vagrancy case originally filed in the County Court of Bowie County that she could appeal her case and have another trial de novo in County Court of said county because, forsooth, it was a case over which the Justice Court had original jurisdiction and because the Constitution had provided that the County Court has appellate jurisdiction in such cases. Emphasising this point, would relator in such case claim that having had a trial in the county court before a jury, which is guaranteed by the Constitution, in one court only, that she could appeal her case and have another trial de novo in said County Court? Such contention has the same lack of foundation, and its want of merit is as patent, when the name given the other court so created is the Corporation Court, as it would have if the said court had been called the County Court at law of Bowie County. We apprehend that it is not the name but the jurisdiction of the court so created which is the determining factor.

It is fallacy to contend that there is anything in the Constitution which gives an accused the right of two appeals in any event. No

such proposition is anywhere announced in that document. The writer is free to admit that it does seem to him that the purpose of the Constitution read throughout with relation to this matter, is to give any person accused of crime the right to an appellate tribunal, and the writer thinks that an examination of that instrument and the laws enacted thereunder and the decisions properly constru· ing same will plainly reveal such apparent intention, and in the absence of the doctrine of *stare decisis* as hereinafter referred to, we would be inclined to hold in any case brought before us, where the right of appeal was denied, that such right was intended in every case to be conferred except it be specifically denied by the constitution. It will be noted that in every criminal case tried in the justice court, or in any similar court of inferior jurisdiction which entitles defendants to trials by jury, that there ·is given a right of appeal regardless of the amount of the fine or punishment, and it will also be observed that similar provisions prevail in all criminal cases originating in the county court and in the district court.

Counsel for relator has filed an able brief and cited authorities which we have carefully examined. The Leach case, as quoted above, was decided wholly upon the theory that the Legislature has no authority to confer upon the city court power to try cases for violations of State laws, but this has been practically overruled by numerous later decisions. See Ex parte Wilbarger, 41 Texas Crim. Rep., 514; Ex parte·Hart, 41 Texas Crim. Rep., 581; Ex parte Abrams, 56 Texas Crim. Rep., 468; Harris County v. Stewart, 91 Texas, 133; Johnson v. State, 42 Texas Crim. Rep., 103 only decided the question as to whether a cause could be reversed for errors the charge in the absence of exceptions thereto, and turns upon the construction of then article 723. There was much *obiter* discussion in the opinion in that case of other matters than were necessarily involved, but the case is no authority for the contention we have been discussing. There are some expressions in the opinion which bear upon the other proposition involved in relator's contention which we will presently discuss. The case of Bergeron ex rel., 76 Texas Crim. Rep., 147, 174 S. W. Rep., 365 can hardly be looked to as any authority in arriving at a correct conclusion here because that case arose from the refusal of the County Court to dismiss a vagrancy appeal from a Corporation Court created and operating under the provisions of article 963-4-5 of our Penal Code, an examination of which will disclose that no concurrent jurisdiction is there given with County Courts and the only jurisdiction conferred upon Corporation Courts created under this general law is that co-ordinate with Justice Courts, and hence an appeal from the Corporation Court at Austin was properly returnable to the County Court of Travis County.

Those are the only authorities cited except the Myer case, which is upon a wholly different proposition.

21—85 T. C. R.

This brings us to the consideration of the second question presented by relator, as to whether or not that portion of said charter Act as amended is. constitutional which denies to those convicted of offenses, any appeal unless the fine amounts to more than $25. In all courts in this State expressly created by the terms of the Constitution, as far as we have been able to determine, litigants are given the right to appeal except as the Constitution denies the right of appeal in civil trials in justice courts where the amount involved is less than $20, but we observe that a substantial equivalent to an appeal exists here, in that an appeal may be made to the equity powers of the district courts in such cases to remedy any fundamental wrong or omission. We refer again to the fact that in every case one accused of crime in the Justice Court may appeal his case to the County Court under such regulations, however, as may be prescribed by law. And likewise, any person tried originally in the County Court for a criminal offense has his right of appeal to this court, and similarly one tried in the District Court may have his appellate tribunal.

However, on examination of the language of section 5, article 5 of the Constitution which defines the power and jurisdiction of the Court of Criminal Appeals, we find that it is provided that "it shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade with such exceptions and under such regulations as may be prescribed by law." We are confronted with the question: What is the meaning of this last qualifying paragraph "with such exceptions and under such regulations as may be prescribed by law." We call attention to the fact that the words used are not of technical significance, and would seem to make it plain that not only can the law prescribe methods of procedure for appealing cases from inferior courts to this court, which it may deem reasonable, but also that if the law makers see fit they may make exceptions to the otherwise statewide appellate jurisdiction of this court. But the question does not seem to be one of first impression. The identical language here used is used in section 16 in directing that appeals from cases in the County Court, tried either on appeal or originating there, shall be to the Court of Criminal Appeals, said language being "with such exceptions and such regulations as may be prescribed by law." It will be further noted that by virtue of the power given the Legislature under this provision last referred to, article 87 of our Penal Code was enacted many years ago, which limits the right of appeal to this court in cases brought to the County Court from inferior courts, to those in which the fine is more than $100. While this article recognizes apparently the right of an appeal, yet it is an express curtailment of the right of an appeal to this court and the sole and only ground of the denial of the right of appeal to this court in such cases is the amount of fine. We can perceive no reason why the Legislature

in the exercise of the same power might not fix a similar limit upon appeals from cases originating in the County Court. The power to make the question as to whether the fine is more than $100 the decisive factor in giving or withholding an appeal to this court in cases originating in the Justice Court, is no greater than it would be if it should by enactment say that the right of appeal should not exist to this court in cases originating in the County Court, where the fine was not more than $100. By parity of reasoning we are forced to conclude that if the Legislature may limit appeals to this court from County Courts, determinable by the amount of the fine, that it many also limit appeals from other courts created by legislative act having co-ordinate jurisdiction with the County Courts, and may make such right of appeal determinable by the amount of fine. It is true that by the terms of section 1, article 5 of the Constitution, there is a denial by implication general in its character, of power to conform the jurisdiction of this court to that of other courts created by legislative Act, but it is not believed that this implied denial would prevail over the direct grant of power in section 5, which is the particular clause defining the power and duties of this court, and which seems to directly grant to the Legislature power to create exceptions, as before stated, to the universal jurisdiction of this court. It the Legislature had power to enact article 87 under the provisions and language of section 16, and we observe that article 87 has been upheld by at least a hundred different decisions of this court, then it seems to us the Legislature has power to fix a limitation of $25, or any other reasonable limitation, as to the amount of fine within which the judgment of the County Court, or a court of similar jurisdiction, should be final.

Such being our conclusion notwithstanding the general reasoning in favor of allowing appeals in all cases, we are constrained to uphold the decision of this court in the Bennett case supra, and to remand the relator, which is accordingly done.

*Relator remanded to Custody.*

ON REHEARING

May 21, 1919.

LATTIMORE, JUDGE.—Relator is before us on her motion for rehearing supported by an able and ingenious argument and citation of authorities. It is strongly urged that we were in error in our original opinion in holding that the Legislature may deprive one accused of crime in any case of what is called his "right of appeal." There is no such thing as right of appeal except as the same may be conferred by the body of our laws made up of our Constitution and legislative enactments; and being wholly derived therefrom such right of appeal moves only in channels fixed by such legal direction.

"The remedy by appeal in actions at law is purely of constitutional or statutory origin, and exists only when given by some constitutional or statutory provision." 2 Cyc.. p. 517. In Bishop's New Criminal Procedure, vol. 2, sec. 1264, ·it is said that an appeal in criminal cases is known only under statute.

If the relator has any right of appeal same must be found in our Constitution or other laws. In view of the earnest contentions made we have again carefully examined the provisions of our statutes and Constitution bearing upon the points raised, but are only more strongly confirmed in the correctness of our conclusions in the original opinion. The Constitution of Texas, as set out in our original opinion, gives to the Court of Criminal Appeals appellate jurisdiction co-extensive with the limits of the State "with such exceptions and under such regulations as may be prescribed by law." Section. 5, article 5 of the Constitution. This clause of the Constitution provides that the Legislature may make regulations which, if not followed, may prevent successful appeal; and that the Legislature may make exceptions to the general rule authorizing appeals ·to this court. Such exceptions would necessarily be reasonable. Under this clause many statutory regulations have been enacted hedging in the appellate route here, the disregard of which have been held to render such attempted appeals nugatory. Various acts, which have run the guantlet of the Constitution, have also been passed which denied one convicted of crime the right to bring his case here on appeal in certain cases. So much for the statutory and constitutional matter of appeal where this court is concerned. As to County Courts, section 16, article 5 of the Constitution contains the following: "They shall have appellate jurisdiction in cases, civil and criminal, of which Justice's Courts have original jurisdiction." Also, it is further provided: "In all appeals from Justice's Courts there shall be a trial *de nevo* in the County Court, and appeals may be prosecuted from the final judgment rendered in such cases by the County Court, as well as all cases civil and criminal of which the County Court has exclusive or concurrent or original jurisdiction of civil appeals in civil cases to the Court of Civil Appeals and in such criminal cases to the Court of Criminal Appeals, with such exceptions and under such regulations as may be prescribed by law." We find nothing further in the Constitution regulating appeals from County Courts in criminal matters. Under the apparent power given by this provision, the Legislature saw fit to pass article 87 of our C. C. P., limiting appeals from the County Court to this court in cases appealed originally from Justices' Courts, and its constitutionality has often been upheld. If the Legislature should see fit to limit appeals from cases originally filed and tried in the County Court in the same manner, there would seem to be no constitutional reason why the same may not be done, as the legislative power to limit appeals in both instances would arise, as far as the Constitu-

tion is concerned, under the language above quoted from section 16, article 5; which language specifically mentions all cases, civil and criminal of which the County Court has exclusive or concurrent or original jurisdiction.

If the Legislature may deny the right of appeal from the County Court to this court, under the granted authority named, when the fine is not more than $100, we see no reason why it may not do so when the fine is less than $25, which is the limitation fixed in the Act creating the Texarkana Corporation Court. Nor can the position be assailed, that if the Legislature may limit appeals from County Courts, it may also limit appeals from Corporation Courts.

We think the constitutional power to limit such appeals undeniable; subject, however, always to a determination by the courts as to whether the same is reasonable.

As to Justices' Courts, section, 19, article 5 of the Constitution says: "Appeals to the County Courts shall be allowed in all cases decided in Justices' Courts where the judgment is for more than twenty dollars exclusive of costs; and in all criminal cases under such regulations as may be prescribed by law." This necessarily means criminal cases *tried* in Justices' Courts; and construed with that part of section 16 referring to County Courts, which is as follows: "They shall have appellate jurisdiction in cases civil and criminal of which Justices' Courts have original jurisdiction," it seems clear that the meaning and reference throughout is to cases of which a Justice Court has actual and not theoretical jurisdiction; that is, to cases actually filed and tried in Justices' Courts. Nor will it be claimed that the law creating the Corporation Court of Texarkana makes any change in the power or right of any person whose case is actually tried in the Justice's Court of Precinct No. 1 of Bowie County, to have the same appealed to the County Court of said county and there tried, and if fined more than $100 to again appeal the case to this court. The fact that in a given case one accused of a misdemeanor may not have any right of appeal because of the small fine, is no more an argument against the law so directing, or the court so holding, than to inveigh against the injustice of giving one man one appeal while another for the same offense may have two, dependent entirely on the amount of his fine, and whether his case was originally filed in the Justice Court or the County Court.

Relator also contends that our opinion strikes down articles 873 and 874, Vernon's C. C. P., relating to appeals in general. These are general statutes and would not control the provisions of the special law relating to appeals from one particular court. We also observe that since the passage of said general laws not only has the special Act creating the Texarkana Court and fixing its jurisdiction, been passed, but also the Constitution has been amended under which the creation of such courts and the fixing of their juris--

diction and conforming the jurisdictions of other inferior courts thereto, is authorized.

We have carefully considered the matters raised in relator's motion for rehearing but being unable to agree therewith the same is overruled.

*Overruled.*