EMIL KUBISH ET AL. V. THE STATE.

No. 17654.   Delivered June 12, 1935.

The opinion states the case.

*C. C. Jopling,* of La Grange, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—From a final judgment of a justice court forfeiting an appearance bond Emil Kubish, E. R. Rabel, Henry Billeck, C. C. Joplin and E. C. Nocek, appellants, have attempted to appeal directly to this court.

The power conferred by article 61, C. C. P., upon a justice of the peace to take forfeitures of all bail bonds given for the appearance of any party at his court, regardless of the amount, has been sustained by the civil courts. Garner v. Smith, 40 Texas, 505; Fleming v. Bonine, 204 S. W., 364. Article 864, C. C. P., reads as follows: "An appeal may be taken by the defendant from every final judgment rendered upon a recognizance, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."

We quote article 865, C. C. P.: "The defendant may also have any such judgment as is mentioned in the preceding arti-

cle, and which may have been rendered in courts other than the justice and corporation courts, revised upon writ of error."

Article 866, C. C. P., provides as follows: "In the cases provided for in the two preceding articles, the proceedings shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out."

A proceeding for the forfeiture of a bail bond is a criminal case. Jeter v. State, 26 S. W., 49, and authorities. We know of no statute, and appellants have cited none, authorizing a direct appeal from the justice court to this court in a criminal case. Ths court of criminal appeals has appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as are prescribed by law. Section 5 of article 5, Constitution of Texas. Section 16 of article 5 of the Constitution of Texas, among other things, provides that county courts shall have appellate jurisdiction in criminal cases of which the justice courts have original jurisdiction. Section 19 of article 5, Constitution of Texas, confers upon justices of the peace jurisdiction in criminal matters when the penalty or fine to be imposed by law may not be more than for two hundred dollars, and provides that in all criminal cases appeals are allowed to the county court under such regulations as may be prescribed by law. The Legislature has the power to increase, diminish or change the appellate, as well as the original, jurisdiction of county courts in civil and criminal matters. Section 22, article 5 of the Constitution of Texas; Ex parte Bennett, 211 S. W., 934. We quote from Bennett's case as follows:

"This means appellate jurisdiction as well as original, as was held by this court in Miman v. Eidman, 1 White & W. Civ. Cas. Ct. App., sec. 630. It also means, as held in the cases of Chapman v. State, 16 Texas App., 76, Johnson v. State, 26 Texas App., 395, 9 S. W., 611, Mora v. State, 9 Texas App., 406, Corey v. State, 28 Texas App., 490, 13 S. W., 778, and Muench v. Oppenheimer, 86 Texas, 568, 26 S. W., 496, that in case the Legislature saw fit to entirely divest the county court of criminal jurisdiction, original or appellate, it has that power. We are not unmindful, nor were the courts rendering the decisions cited, that in section 16, article 5 of the Constitution, it is provided, in prescribing the powers and duties of county courts, that they shall have appellate jurisdiction in cases, civil and criminal, of which justice courts have original jurisdiction; but we observe that the concluding part of that same paragraph of the Constitution reads as follows:

" 'Under such regulations as may be prescribed by law.' "

The fact that in article 865, supra, the Legislature provided that a judgment in a bond forfeiture proceeding might be revised upon writ of error, *except when rendered in justice and corporation courts,* in our opinion militates against the conclusion that in article 864, supra, it was intended to confer upon this court direct appellate jurisdiction from the justice court in proceedings for the forfeiture of bail bonds.

In view of the constitutional provisions and statutes to which we have adverted, we are constrained to hold that we are without jurisdiction to entertain the appeal.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.