**BRAND, Banking Com'r, v. HOOD.**

**No. 4696.**

Court of Civil Appeals of Texas. Texarkana.

June 20, 1935.

Rehearing Denied June 27, 1935.

State Bank (in liquidation) in the district court of Marion county to establish an unsecured claim in the sum of $470.08 to be paid from the assets of said bank. The commissioner answered for himself and on behalf of said insolvent bank, pleading: (1) Plea in abatement for want of jurisdiction of the district court for insufficiency of the amount involved; (2) a plea, termed a "plea in abatement," alleging that appellee failed to file his claim with the commissioner within the period of ninety days after notice had been given by the commissioner calling on creditors of the bank to file their claims; (3) a general demurrer; (4) a general denial. Defendants' pleas and general demurrer were overruled.

The case was tried to the court without a jury and judgment rendered in favor of plaintiff establishing his claim for $470.08, as an unsecured claim, and commanding the commissioner to pay plaintiff the sum of 41 per cent. thereof as had been paid to other unsecured creditors on dividends, out of the assets remaining in the hands of the commissioner subject thereto, and to share in future distribution of such assets as other unsecured claims. The defendant excepted and duly prosecutes the appeal.

Appellant's first assignment of error complains of the action of the trial court in overruling the plea in abatement based upon the alleged ground of want of jurisdiction of the district court of Marion county for insufficiency of amount involved, contending that the county court of Marion county had exclusive jurisdiction to try the case, citing sections 8 and 16, article 5 of the Constitution. The pertinent provisions of section 8 read: "The District Court shall have original jurisdiction * * * when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest * * * and such other jurisdiction, original and appellate, as may be provided by law." The provisions of section 16 in point are: "The county court * * * shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest." Article 5 of the Constitution under consideration further provides, in section 22: "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of

Fred S. Rogers and Ocie Speer, both of Austin, for appellant.

C. R. Newland and S. I. Cornett, both of Linden, for appellee.

JOHNSON, Chief Justice.

Appellee, B. W. Hood, sued E. C. Brand, banking commissioner, and the Jefferson

County Courts; and in case of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change." By Acts 1897, 25th Legislature, chapter 36, the county court of Marion county was divested of its jurisdiction in civil and criminal matters and the jurisdiction of the district court of Marion county was conformed to such change. Gammel's Laws of Texas, vol. 10, p. 1092. That the provisions of section 22, art. 5 of the Constitution, empowers the Legislature to take away the jurisdiction of the county court of any particular county and to confer it upon the district court of such county has been expressly confirmed by the Supreme Court. Muench v. Oppenheimer, 86 Tex. 568, 26 S. W. 496. It is also thought that jurisdiction to hear and determine actions of the nature here presented, regardless of the amount involved, is by the provisions of the Banking Act conferred upon the district court of the county in which the insolvent bank is located. Kidder v. Hall, 113 Tex. 49, 251 S. W. 497, 498, in which it is said:

"The statute does not in express terms provide that the action authorized [R. S. 1911, art. 459] must be brought in the district court of the county where the bank had its domicile, but we believe this to be the proper construction, in view of the effect which must be given to other articles of the statute relative to liquidation proceedings. It is likewise clear that the purpose of the various articles touching the control and disposition of the insolvent estate is to place it in custodia legis, and therefore in effect to designate the court administering the estate as the one in which contested actions must be brought. * * *

"We conclude that the district court of the county where the bank was located is the court in which all actions for the establishment of rejected claims against the insolvent bank must be brought, regardless of contractual venue or jurisdictional amount; such actions to be either by intervention in the liquidation proceedings or by petition in that court."

The assignment is respectively overruled.

Appellant's second assignment of error asserts that the trial court erred in overruling defendant's second plea in abatement. The plea alleges that the plaintiff failed to file his claim with the banking commissioner within ninety days after the commissioner is alleged to have given the statutory notice to creditors of the insolvent bank as required by R. S. 1925, art. 456, (Vernon's Ann. Civ. St. art. 456). That appellee had on deposit with the bank at the time it closed the sum of $470.08 as shown by the books of the bank, and the justness of his claim is not disputed. Also that plaintiff properly pleaded and proved that he had filed his claim with the commissioner, and that it was rejected and suit filed within six months after its rejection, are facts uncontroverted. The point raised by the plea is that the plaintiff failed to file his claim with the banking commissioner within ninety days after the commissioner is alleged to have given the required statutory notices to creditors as provided by R. S. art. 456. This article of the statute, in its provisions with respect to the time limit of filing claims with the commissioner as here under consideration, is a statute of limitation. State Banking Board v. Pilcher (Tex. Com. App.) 270 S. W. 1004. Therefore defendant's plea is one of limitation, in bar of plaintiff's suit. It is a familiar rule of law that the burden is on him who pleads a statute of limitation to prove that he has complied with its requirements in every fact necessary to substantiate the plea. 28 T. J. § 203, p. 298. The requirements of the statute pleaded by appellant impose the duty upon the banking commissioner to publish the prescribed notice weekly in one or more newspapers for three consecutive months and to mail a similar notice to all persons whose names appear as creditors upon the books of the bank. The court found that appellant complied with that part of the statute requiring publication of the notice, by publishing it in the Jefferson Journal on January 20, 1933, and for thirteen consecutive weeks following, but the court failed to find that the commissioner had complied with that part of the statute requiring notices to be mailed to creditors whose names appeared on the books of the bank. In this respect the facts are that the records of said bank in possession of the commissioner showed that the post office address of plaintiff, B. W. Hood, was Marietta, Cass county, Tex.; that on January 20, 1933, the commissioner mailed a notice addressed to plaintiff at Jefferson, Tex., which notice was immediately returned by the post office authorities, as unclaimed, to the com-

missioner at Austin; the notice was retained by the commissioner until June 22, 1933, when he mailed it to the plaintiff at his correct post office address, Marietta, Tex., which was received by plaintiff on June 24, 1933; that plaintiff immediately prepared his claim and the proofs thereof and forwarded to the banking commissioner, which was by him received on June 26, 1933, and by him rejected on July 8, 1933. Whereupon plaintiff filed this suit on November 7, 1933. No explanation is given by the commissioner for not having in the first instance mailed the notice to Hood's known address, as it appeared upon the books of the bank, nor as to why it was retained when returned and not mailed to his correct address until June 22, 1933. Where the creditor's correct address is known to the commissioner from the books of the bank, the mailing of such notice to an incorrect and unauthorized address would not within the meaning of the statute constitute the mailing of notice to such creditor. Hence the notice mailed to Hood at Marietta, Tex., on June 22, 1933, was the commissioner's first complete compliance with the provision of the statute as to notice to creditors. Hood filed his claim immediately, and within less than ninety days from the date of such notice. The want of such notice is pleaded and testified to by plaintiff as his reason for not having sooner filed his claim. Compliance by the commissioner of the requirement of the statute only as to publication of the notice was insufficient to start limitation against plaintiff to running on January 20, 1933. Under facts not materially different from those here presented, the Court of Appeals of Missouri in the case of Farm & Home Savings & Loan Ass'n of Mo. v. Howard, 224 Mo. App. 532, 30 S.W.(2d) 631, 633, held that the burden was on the commissioner to show compliance with the statute as to notice in both particulars; though compliance as to publication was shown, failure to discharge the burden of proof as to compliance with the requirement of mailing the notice was fatal to the plea. From which we quote: "Section 11716, Rev. St. 1919, providing that the commissioner should notify all persons to present claims within four months, is a special statute of limitation, and in order for the statute to run, the requirements as to giving notice must be followed strictly."

Having found that plaintiff filed his claim within ninety days after the commissioner's compliance with the requirements of the statute as to mailing notices, a discussion of appellant's third and fourth assignments of error is rendered unnecessary.

By his fifth assignment of error appellant contends that the trial court was without jurisdiction to hear and determine the cause, because there was introduced in evidence an order of said court of date August 28, 1933, entered upon application of the commissioner, approving the financial statements, receipts, and disbursements, and expenses of the liquidation of the bank for the period beginning December 31, 1932, to and including July 15, 1933, and authorizing the commissioner to declare and pay a dividend to all general creditors of $2,019.50 after deducting therefrom the necessary expenses, or so much more as he may be able to pay from the assets now in his hands, or coming into his hands, and in which order it was recited that the charter of said bank is annulled and its corporate existence dissolved, which order further recites: "Further, that petitioner be and is hereby discharged from further custody of this court, such discharge, however, being without prejudice of his rights to marshal any and all known or unknown assets, whenever and wherever found and to prosecute any and all suits, or take any other action necessary in the premises, in accordance with his statutory duty, under such cases made and provided."

It does not appear to be the purpose and it is not thought to be the legal effect of this order to relieve the commissioner of his duty to recognize the valid claims of creditors entitled to participate in the distribution of the assets of the insolvent bank which have or may come into his possession. And in no event could the effect of the order be such as to deprive the district court of its general jurisdiction to hear and determine the petitions of creditors whose claims have been rejected by the commissioner.

The judgment of the trial court is affirmed.