

# The Attorney General of Texas

November 1, 1977

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Walter M. Holcombe
District Attorney
143rd Judicial District
324 S. Cypress
Pecos, Texas   79772

Opinion No. H-1082

Re:  Constitutionality
of Reeves County Court
at Law.

Dear Mr. Holcombe:

You ask whether it is "unconstitutional for the Texas Legislature to attempt to divest a Constitutional County Court of jurisdiction in civil, criminal, juvenile and probate matters." Specifically, your question refers to House Bill 2147, Acts 1977, 65th Leg., ch. 692, at 1736. This bill creates the County Court at Law of Reeves County and gives said court

> jurisdiction in all matters and causes,
> civil, criminal, juvenile, and probate,
> original and appellate, over which, by
> the general laws of the state, the county
> court of the county would have juris-
> diction.

Sec. 2. Under section 3 of this act, the County Court of Reeves County "shall have no jurisdiction, civil, criminal, juvenile, or probate, original or appellate." We must therefore determine the constitutionality of divesting the Reeves County Court of jurisdiction in civil, criminal, juvenile, and probate matters.

With regard to civil and criminal jurisdiction, article 5, section 22 of the Texas Constitution provides:

> The Legislature shall have power, by
> local or general law, to increase, di-
> minish or change the civil and criminal
> jurisdiction of County Courts; and in
> such change of jurisdiction, the Legis-
> lature shall also conform the jurisdic-
> tion of the other courts to such change.

In interpreting this section, Texas courts have consistently
held that the Legislature may divest the county court of all
or part of its civil or criminal jurisdiction, or both, and
the jurisdiction withdrawn may be placed on other courts.
Regian v. Sowell, 534 S.W.2d 175, 176 (Tex. Civ. App. -- Waco
1976, no writ); Chapman v. State, 16 Tex. App. 76 (1884);
Mora v. State, 9 Tex. App. 406, 407 (1880). The Supreme Court
of Texas has upheld legislative power under article 5, section
22 stating that it

> expressly gave the legislature the power
> to change the jurisdiction of the county
> courts, and to confirm [sic] the juris-
> diction of other courts to such change.
> The latter section clearly empowered the
> legislature to take away the jurisdiction
> of the county court of any particular
> county, and to confer it upon the district
> court of such county.

Muench v. Oppenheimer, 26 S.W. 496 (Tex. 1894). Moreover, the
Legislature may change the appellate as well as the original
jurisdiction of county courts in civil and criminal matters.
Kubish v. State, 84 S.W.2d 480, 481 (Tex. Crim. App. 1935);
Ex parte Bennett, 211 S.W. 934 (Tex. Crim. App. 1919). In short,
the Legislature may constitutionally divest a county court of
its civil and criminal jurisdiction, original or appellate,
under section 22, article 5 of the Texas Constitution. See
also Attorney General Opinion WW-450 (1958).

Although the jurisdiction of "juvenile courts" is governed
by section 51.04 of the Family Code, such courts are created by
the Legislature under the authority of article 5, section 1 of
the Texas Constitution which provides that the Legislature

> may establish such other courts as it
> may deem necessary and prescribe the
> jurisdiction and organization thereof,
> and may conform the jurisdiction of
> the district and other inferior courts
> thereto.

(Emphasis added). The list of courts available for designation
as "juvenile courts" includes both county courts and county
courts at law. Family Code § 51.04(b), (c). Since the Reeves
County Court at Law is within the class of courts which may be
designated as juvenile courts and since the jurisdiction of a
juvenile court comes from an act of the Legislature acting
pursuant to article 5, section 1 of the Texas Constitution, see
In re Hoskins, 198 S.W.2d 460 (Tex. Civ. App. -- Amarillo

1946, writ ref'd n.r.e.), we are of the opinion that the Legislature may divest a county court of its jurisdiction in juvenile matters. Tex. Const. art. 5, § 1.  See Attorney General Opinion H-325 (1974).  We note, however, that the judge of the Reeves County Court at Law must qualify under § 54.01(d) of the Family Code in order to pass on juvenile matters.

Finally, we must also consider the constitutionality of divesting the Reeves County Court of jurisdiction in probate matters.  Although article 5, section 16 of the Texas Constitution states that the county court shall have the general jurisdiction of a probate court, we believe that article 5, section 8 controls the probate jurisdiction question raised by House Bill 2147.  That constitutional provision, as adopted in 1973, provides in part:

> The legislature, however, shall have the power, by local or general law, Section 16 of Article V of this Constitution notwithstanding to increase, diminish or eliminate the jurisdiction of either the district court or county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change.

Tex. Const. art. 5, § 8.  (Emphasis added).  In our opinion, the express language of the constitutional provision empowers the Legislature to constitutionally divest a county court of probate jurisdiction and transfer such jurisdiction to another court.  Since we have found House Bill 2147 constitutional with regard to the jurisdiction questions you raised, we need not address your second question which was posited on our finding some part of the bill unconstitutional.

### S U M M A R Y

House Bill 2147, which abolishes the civil, criminal, juvenile, and probate jurisdiction of the Reeves County Court, is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst