ROBERT MARLEY v. R. D. McANELLY.

Repeated decisions of this Court have settled, beyond question, that new affirm-
ative matter of avoidance or defence cannot be given in evidence under a
general or special traverse, but must be specially pleaded.

Where, in a suit on a joint and several promissory note, one of the defendants
alleged that the note was given for land purchased by the defendants from
the plaintiff at two dollars per acre ; and that " it was expressly understood
and agreed " that each of the defendants should have a certain number of
acres ; that each should pay two dollars per acre for their respective portions ;
that defendant had paid his portion ; and that the plaintiff executed to de-
fendant a separate deed for his portion, and thereupon, in consideration of
said payment, had released him from any further liability on said note : the
Court seemed to be of opinion that the plea was good on general demurrer.

See this case for a plea of part payment, which was held good on general de-
murrer, but which the Court said might, perhaps, have been held not suffi-
ciently specific and certain as to dates and the manner of the payment, if it
had been specially excepted to on that ground.

Appeal from Travis.  Tried below before the Hon. Thomas
H. DuVal.

This was a suit by the defendant in error against the plain-
tiff in error and three others, who were subsequently dismissed
for want of service, on their joint and several promissory note
for the sum of $254 and interest, payable to Isaac Wyatt and
assigned to plaintiff.

The defendant Marley filed an answer, with a general denial,
and setting up the following special facts :

And for further answer defendant Marley comes and says,
that the note sued on in this action was given for the purchase
of one hundred and twenty-seven acres of land of Isaac Wyatt ;
the said defendant therefore prays that, if the said plaintiff
should recover a judgment against said defendant on said
note, and the said Marley should be forced to pay the same,
upon said payment by him he may thereupon be subrogated to

the right of the plaintiff, and that said land in that event be sold to satisfy said judgment, as in case of forclosing the vendor's lien.

And for further answer the said defendant Marley says, that on or about the        day        1854, the defendants contracted to purchase of plaintiff about 1100 acres of land, but on a more accurate survey of said tract it was ascertained that it contained only nine hundred and seventy-three acres, instead of eleven hundred acres as aforesaid, and notes were executed to said McAnelly by the defendants for the sum of $1946, it being at the rate of two dollars per acre for the same; and in order to make up the deficiency, the defendants purchased of said Wyatt said one hundred and twenty-seven acres, adjoining said nine hundred and seventy-three acre tract, for which said note sued was given; and upon the assignment of the said note to the said McAnelly, the defendants regarded the whole debt as one transaction, and made their respective payments, without reference to what particular notes the credits were entered. It was expressly understood and agreed, that said defendant Sharp should have two hundred acres, in all, out of both said tracts; the defendant Tate two hundred acres; Marley four hundred acres, and Brooks three hundred acres; and that each should pay two dollars per acre for their respective portions.   And the defendant Marley expressly avers and says that the said Sharp has paid his portion of said indebtedness, to wit, four hundred dollars; Tate, four hundred; Marley, eight hundred; Brooks has paid all but one hundred and fifty dollars of the amount due of his portion of said indebedness, including a large amount paid for him by the defendant Marley, and in fact there remains due on said note, if any, which is not admitted, but denied, the sum of one hundred and fifty dollars at most; and the said plaintiff who held the legal title to both of said tracts in consideration of said payments, has executed to said Sharp, Tate and Marley, separate deeds of conveyance for the respective portions of

each, to both of said tracts, and thereupon, in consideration of said payments, released them and each of said defendants, except said Brooks, from any further liability on said notes. He says that process has not been executed on the other defendants, and. the defendant Marley alone is sought to be made liable on said note, all of which he is ready to verify, &c.

The plaintiff filed a general demurrer to the answer which was sustained.

*Haralson, Flournoy & Robards,* for appellant.

*Fisk & Bowers,* for appellee.

WHEELER, J.   It is not perceived on what ground the Court sustained the demurrer to the answer containing matter specially pleaded.   It is said it was rightly sustained, because the matters of defence therein contained could have been given in evidence under the general denial.   But this is a mistake. Repeated decisions of this Court have settled, beyond question, that new affirmative matter of avoidance or defence, cannot be given in evidence under a general or special traverse, but must be specially pleaded.   The answer contained a plea of payment, and of release ;  neither of which could be given in evidence under the general denial.   The plea of payment avers that the defendant, and his co-promissor, Brooks, had paid all but one hundred and fifty dollars of the debt ;  and that there remains no more than that sum due upon the note sued on.   And the plea of release contains a distinct averment that, in consideration of the payments made, the plaintiff had released the defendant, and the other co-promissors, except Brooks, from further liability on the note.   It is not averred that the making of the conveyance by the plaintiff, spoken of, operated a release.   If it were, it might be answered, that the plea was insufficient ;  for that the conveyance could not have that effect.   But the averment is, that " thereupon," that is,

upon the happening of that event, the plaintiff did, in fact, release the defendant from further liability. This is the natural import of the language of the plea. That the matters set up in the answer, if proved, constitute matter of defence, cannot be doubted. They may not be true in point of fact ; if not true, the plaintiff should not have demurred ; for his demurrer admitted their truth, for the purpose of disposing of the issue of law which it raised. That issue having been erroneously decided for the plaintiff, will require a reversal of the judgment ; for this Court cannot know that, if permitted, the defendant would not have adduced evidence of the truth of the plea. If the answer had been specially excepted to, it might, perhaps, have been held not sufficiently specific and certain as to dates, and the manner of payment, and of the release. But it was sufficient on a general demurrer. (Wells v. Fairbank, 5 Tex. R. 582 ; 6 Tex. R. 427 ; Id. 91.)

We are of opinion that the Court erred in sustaining the demurrer to the answer ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.