### R. F. BLAIR v. LILLIAN S. BLANTON ET AL.

#### No. 868. Decided February 12, 1900.

1. **Jurisdiction — Supreme Court — District Court — Amount — Motion Against Attorney.**

The question whether article 269 of the Revised Statutes, giving the district court jurisdiction of a summary motion against an attorney on account of money collected, is constitutional as applied to a controversy involving less than $500, held not to be involved in this case, so as to give the Supreme Court jurisdiction to review a judgment of reversal and remand, in view of the legislation governing the jurisdiction of the district and county courts respectively in Bexar County. (Pp. 349, 350.)

2. **Same—Courts of Bexar County.**

Where, at the time of the passage of the Act of 1899, page 19, defendant was claiming $695.30 in reconvention to plaintiff's demand for $290.60, the amount then involved and not the amount originally sued for, determined the jurisdiction, which under that act remained in the District Court. (P. 350.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Motion in the District Court, against an attorney, for money collected. He pleaded offsets, and on judgment against him appealed. On affirmance he obtained writ of error.

*Paschal & Ryan,* for plaintiff in error.—The Act of March 6, 1899 (Laws 1899, page 19), vested exclusive jurisdiction (original) in the County Court of Bexar County in civil cases where the amount in controversy shall exceed in value $200 and shall not exceed $500, exclusive of interest, and operates a repeal of article 269, Revised Statutes, in so far as there is a conflict.  Duer v. Seydell, 20 Texas, 61; Davis v. Pinckney, 20 Texas, 341; Dalby v. Murphy, 25 Texas, 355; Bonner v. Murphy, 3 Willson's App. Civ. Cases, sec. 12; Wilkins v. Wheeler, 1 White & W., App. Civ. Cases, sec. 878.

We understand the rule to be that "the amount claimed fixes the jurisdiction, and that the amount claimed is the amount for which judgment is prayed."  Ratigan v. Holloway, 69 Texas, 468.  Therefore if article 269, Revised Statutes, be invalid, then the County Court of Bexar County after its creation on March 6, 1899, alone had jurisdiction to try plaintiff Blanton's claim, it being for less than $500.  Defendant Blair alleged in his answer that after allowing said Blanton all credits to which she was entitled, she still owed him (Blair) the sum of $249.70 (an amount not within the jurisdiction of the District Court).  This cause was tried on April 1, 1899, long after the creation of the County Court.  We therefore respectfully show that this court, in dismissing the writ of error, acted upon a mistake as to the amount in controversy claimed in defendant (Blair's) answer, and if, as stated by this court, the District Court would have no jurisdiction (if article 269, Revised Statutes, be invalid) over plaintiff's claim, then it certainly can have no jurisdiction over defendant's counterclaim, the amount thereof for which he sought a recovery being less than plaintiff's claim.

GAINES, CHIEF JUSTICE.—This proceeding was instituted by motion filed in one of the district courts of Bexar County by defendants in error against the plaintiff in error.  The object of the motion was to recover of the defendant, an attorney at law, the sum of $290.60, alleged to have been collected by him as such attorney for Lillian Blanton. Her husband joins her in the motion.  The defendant pleaded offsets amounting, in the aggregate, to $695.30, but admitted credits to the amount of $155.  The verdict of the jury was against him.  Judgment having been entered upon the verdict, he moved to dismiss the case upon the ground that the District Court did not have jurisdiction of the cause.  His motion having been overruled, he appealed to the Court of Civil Appeals.  There the judgment was reversed for error in the charge of the court and the case was remanded for a new trial.  The defendant below now comes to this court, assigning as error the holding of the Court of Civil Appeals that the District Court had jurisdiction of the cause; alleging, as a ground to give jurisdiction to this court, that the case involves the validity of a statute of the State.

It is not only a case which, under the Constitution, might have been brought in the county court, but it is also one in which the judgment

has been reversed and the cause remanded. In both of these classes of cases jurisdiction has been denied this court, unless the validity of an act of the Legislature be involved. Rev. Stats., arts. 941, 996. Is the question involved in the decision of this case? But for the counterclaim which is asserted in the defendant's plea in reconvention, we should have to answer the question in the affirmative. If the sole matter in controversy was the plaintiffs' claim, then the jurisdiction of the District Court at the time of the trial would depend upon the validity of article 269 of the Revised Statutes, which provides for a summary motion in the District Court against an attorney for money collected, without reference to the amount. The question would then have been, can the Legislature, under the Constitution, by a provision such as is contained in that act, confer upon the district court power to determine a case of the character of that made in the motion, when the amount in controversy is more than $200 and less than $500 But this suit was instituted November 16, 1898. At that time, all civil jurisdiction (except as to probate matters) of the County Court of Bexar County had been taken away and had been conferred upon the District Court. There can be no question that the court had jurisdiction of the motion when it was filed. But, on the other hand, before the trial of the cause, the Legislature passed an act which took effect from its passage and which among other things, gave the county court of the county exclusive jurisdiction of all cases for the recovery of money, when the amount in controversy exceeded $200 and did not exceed $500, and, in effect, directed the transfer of all such cases then pending in the district courts of that county to the county court. Laws 1899, p. 19. However, before the passage of this act, the defendant had filed his answer, pleading his offsets. Of the case made by the plea in reconvention, the District Court had jurisdiction both before and after the act. Gimbel v. Gomprecht, 89 Texas, 499. The case was the same in legal effect, so far as jurisdiction was concerned, as if the defendant had sued upon his counterclaim and the plaintiff had pleaded her cause of action in reconvention. Therefore, in our opinion, the District Court, at the time of the trial, had jurisdiction of the case by reason of the defendant's plea in reconvention, and it is a matter of no moment whether it would or would not have had jurisdiction over the original suit. For this reason, we think that the jurisdiction of the District Court over the suit as originally brought is not a question in the case, and that therefore the validity of article 269 is not involved.

We conclude that we have no jurisdiction of the case, and therefore the writ of error is dismissed.

*Writ of error dismissed.*