### RATLIFF et al. v. GORDON.

(Court of Civil Appeals of Texas. Austin.
May 8, 1912. Rehearing Denied
June 26, 1912.)

1. REPLEVIN (§ 106*)—VERDICT — JUDGMENT.

Plaintiff sued to recover two mules of the value of $100, a wagon of the value of $30, and a set of harness of the value of $5. The jury returned a verdict in favor of plaintiff "for the mules, wagon, and harness in controversy," fixing their reasonable value at $235. Held, that the court had no jurisdiction to render judgment on such verdict fixing the separate value of each article as in the complaint on the ground that the evidence showed such to be the separate value of the property, and that the jury must necessarily have found such separate value in reaching the verdict they did, since the judgment must conform to the verdict alone.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 416–423; Dec. Dig. § 106.*]

2. EVIDENCE (§ 271*)—SELF-SERVING DECLARATION.

Where, in replevin to recover certain property, plaintiff claimed he had hired defendant C. to remove an old building, and loaned him the property sued for with which to perform the work, which C. denied, evidence that plaintiff prior to the time C. began to pull down and remove the building told witness that he had bought the building from C., and that he was to do the moving, and asked witness' opinion as to what the building was worth, was inadmissible as a self-serving declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

3. TRIAL (§ 330*)—VERDICT—ISSUES—DISPOSITION.

Where, in replevin to recover certain personal property, defendant C. filed a plea in reconvention for breach of a contract to construct a building, a verdict in plaintiff's favor failing to dispose of the issue raised by the reconvention plea was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 777–781½; Dec. Dig. § 330.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by E. B. Gordon against Arch Rat-

---

liff and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Arch Grinnan, of Brownwood, for appellants. I. J. Rice, of Brownwood, for appellee.

RICE, J. Appellee, Gordon, brought this suit against appellants, Ratliff and Coker, alleging that he was the owner and entitled to the following property, to wit: Two mules of the value of $100, one wagon of the value of $30, and one set of harness of the value of $5, accurately describing the same, which he claimed that appellants had unlawfully taken from his possession, praying judgment for said property or its value.

Appellant Ratliff answered by plea in abatement, to the effect that he did not take said property from plaintiff, or any one else, and that he was not jointly liable with defendant Coker for taking same. Coker filed a plea in abatement to like effect, after which defendants answered, stating that Wm. Coker had purchased the property in question from plaintiff, and thereafter sold the same to defendant Ratliff for a valuable consideration, without notice of plaintiff's claim thereto. Defendant Coker filed a plea in reconvention, setting up that he had made a contract with appellee, whereby he had agreed to furnish the material and construct a certain building for him in the city of Brownwood, for which appellee agreed to pay him the sum of $1,000; and, in pursuance of said agreement, he furnished certain material to appellee for the construction of said building, alleging its value, and undertook the performance of his contract, but was prevented, without fault on his part, from carrying the same out by appellee; that appellee had paid him upon said contract the sum of $135 cash, and delivered to him the mules, wagon, and harness, which it was agreed should be taken by him in part payment on said contract at the sum of $250; and asking that he be allowed to recover against appellee in reconvention the difference between the contract price, to wit, $1,000, and said sum so paid him by appellee. Replying, appellee denied that he had ever made any such contract as pleaded by Coker, but that he had purchased from him an old building, the material of which Coker was to remove to his lot, for which he agreed to pay him $100; and further denied that he ever sold said mules and property to Coker, but that he merely loaned same to him the mules, to haul the material referred to, which he had purchased from Coker and paid for. Appellee sued out a writ of sequestration, which was levied upon the property sued for, which Ratliff replevied. There was evidence supporting the respective contentions made by the parties in their pleadings.

[1] The jury returned the following verdict: "We, the jury, find our verdict for the plaintiff against the defendants for the mules, wagon, and harness in controversy, and fix their reasonable value at $235." Notwithstanding the verdict did not find the separate value of each of said mules and other property, the court rendered judgment fixing the value of said mules at $100 each, the wagon at $30, and the harness at $5, reciting as a reason therefor that since the pleading and evidence showed the separate value of said property that the jury must necessarily have found such separate values in reaching their verdict. Judgment was likewise entered jointly and severally against Ratliff and the sureties upon the replevy bond for the value of the property replevied, with the right on the part of the defendant, as provided in article 4877, R. S., to return said property, or any part thereof, within 10 days in satisfaction of said judgment. This action of the court in so fixing the separate value of the property sued for in the absence of such finding in the verdict is assigned as error. It is well settled that the judgment must conform to the verdict. The court is not authorized to look to the pleadings and evidence upon which to found a judgment, but it must be based alone upon the verdict of the jury. See Akin v. Jefferson, 65 Tex. 141; Williams & Co. v. Smith, 98 S. W. 916. This action of the court was therefore error.

[2] During the trial the court permitted the witness Witcher, over defendants' objection, as shown by their bill, to testify that on Sunday, just prior to the Monday on which Coker began to tear down and remove the old building, the plaintiff came to him and told him that he had bought said building from defendant Coker for $100, and that the defendant Coker was to do the moving of said building, and that the plaintiff asked his opinion as to what he thought the building was worth. This testimony was objected to on the ground that it was a self-serving declaration on the part of the plaintiff, and was therefore not admissible. The objection in our judgment was well taken, and the evidence should have been excluded. It was highly material, because it was in line with the plaintiff's contention that he had merely bought the material from Coker, agreeing to pay him the sum of $100 therefor.

[3] The verdict did not dispose of the issue raised by defendant Coker's plea in reconvention. The failure so to do, however, is not assigned as error, and, in view of the charge given, we are not disposed, in the absence of an assignment, to hold that this was fundamental error; but, in view of another trial, we would suggest that the verdict be so phrased as to respond to and dispose of all the issues raised by the pleadings and the evidence, since this is essential. See Linn v. Arambould, 55 Tex. 611; Gulf, C. & S. F. Ry. Co. v. Stephenson, 26 S. W. 236;

Sapp v. Anderson, 135 S. W. 1068; Whitaker v. Gee, 61 Tex. 217.

The other errors asssigned have been considered, and are overruled. For the errors indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.