GORDON v. RATLIFF et al. (No. 5292.)

(Court of Civil Appeals of Texas. Austin.
March 11, 1914. Rehearing Denied
June 10, 1914.)

1. TRIAL (§ 251*)—INSTRUCTIONS—CONFORM-
ITY TO ISSUES.
    In replevin, where defendant set up as a
counterclaim plaintiff's breach of a construction
contract, but did not allege plaintiff's conver-
sion of material deposited on the lot where the
building was to be erected, the submission to
the jury of the question whether plaintiff was
liable for the conversion was erroneous.
    [Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 587–595; Dec. Dig. § 251.*]

2. PLEADING (§ 127*)—CONSTRUCTION.
    Where plaintiff generally denied defend-
ant's cross-petition, which though alleging de-
fendant deposited material on plaintiff's prem-
ises did not charge a conversion, the filing of a
special plea, alleging that plaintiff purchased
the material, is not an admission against inter-
est authorizing recovery by defendant for the
conversion.
    [Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

3. APPEAL AND ERROR (§ 1173*)—DETERMINA-
TION—REVERSAL.
    In replevin against two defendants, one of
whom counterclaimed for breach of contract, a
judgment for both will be reversed and remand-
ed, when an improper issue on the counterclaim
was submitted and the rights of the parties to
the goods replevined depended upon the deter-
mination of the issues raised by the counter-
claim.
    [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4562–4572, 4656; Dec.
Dig. § 1173.*]

Appeal from Brown County Court; Frank
H. Sweet, Judge.

Action by E. B. Gordon against Arch Rat-
liff and one Coker, who counterclaimed.
From a judgment for defendants, plaintiff
appeals. Reversed and remanded.

W. D. Gordon and Thos. J. Baten, both of
Beaumont, and I. J. Rice, of Brownwood, for
appellant. Arch Grimman and Harrison &
Wayman, all of Brownwood, for appellees.

KEY, C. J. This is the second appeal in
this case, and we refer to our former opinion
for a statement of the nature of the suit.
Ratliff v. Gordon, 149 S. W. 196. At the last
trial the jury found against the plaintiff,
Gordon, upon his suit to recover the wagon
and team, and found in favor of the defend-
ant, Coker, on his cross-action against the
plaintiff for $451, and the plaintiff, Gordon,
has appealed.

[1, 2] In his cross-action Coker sought to
recover from Gordon the profits which he
alleged he would have made if he had not
been prevented by Gordon from performing
his part of the contract between him and
Gordon, by which he agreed to furnish the
material and construct the stone walls of a
certain building for Gordon. He did not al-
lege that he had sold any material to Gor-
don to be paid for by the latter, regardless of

whether the building was constructed; nor
did he allege that Gordon had converted any
of the material to his own use. In submit-
ting the cross-action to the jury the trial
court instructed them, in substance, that if
they found that there was a contract between
Gordon and Coker, and that in pursuance
thereof Coker delivered any of the material
to Gordon on the lot where the building was
to be erected, and Gordon refused to allow
Coker to proceed with the construction of
the building and failed and refused to comply
with his contract, to find for Coker the rea-
sonable value of the material so furnished
by him to Gordon. Error is assigned upon
that portion of the charge for the reason that
Coker had sued appellant for the profits he
would have made if he had been permitted
to perform his part of the contract, and he
did not allege that Gordon had either pur-
chased or converted any of the material
which Coker had placed upon the lot, and
intended to use in the construction of the
building, and we sustain that assignment.
The plea asserting the cross-action is as
stated by counsel for appellant, and, while
it alleges that Coker had delivered certain
material to Gordon on the lot where the
building was to be constructed, it does not
allege that Gordon promised to pay for the
material, or that he had converted it to his
own use. The substance of the plea is that,
for an agreed consideration of $1,000, Coker
was to furnish the material and construct
stone walls for the building of certain di-
mensions on a certain lot in the town of
Brownwood, and that, although Coker was
able and willing to perform his part of the
contract, he was prevented from doing so
by Gordon, and had therefore lost the profit
which he would have made, as stated in the
pleading. It is true that the plea alleged that
Coker had delivered certain specified ma-
terial of certain specified values upon the lot
where the building was to have been erected;
but the allegation that it was so delivered to
Gordon did not show that he had become lia-
ble to pay for the value of that material. If
he was liable at all, it is for the breach of
his contract, and the measure of the plain-
tiff's damage was the profit he would have
made if there had been no breach. Of course,
if Gordon converted to his own use any of
the plaintiff's material which he had placed
upon the lot, the plaintiff might have the
right, upon a proper plea, to recover the val-
ue of the property so converted. And also a
similar right would exist if any of the ma-
terial was sold to Gordon and has not been
paid for. But Coker's pleading failed to al-
lege either a sale or conversion, and therefore
he was not entitled to recover for the value
of the material; and this is especially true
as to the 7,000 feet of lumber which he al-
leged he had delivered upon the lot, and
which it seems was no part of the material

to be used by him in the construction of the walls of the building. According to the averments in his pleading, he only undertook to construct the walls, and yet he alleged and submitted testimony tending to prove that he delivered upon the lot 7,000 feet of lumber of the value of $175, but he did not allege that Gordon had ever agreed to pay him for the lumber, or that he had converted it to his own use. It is true that Gordon alleged in his answer to Coker's cross-action that he had bought from Coker all the material referred to, and had paid him for it, but he also filed a general denial, and therefore the averment referred to in his special answer cannot be considered in aid of Coker's pleading, as an admission against Gordon. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471. This is the only reversible error pointed out in appellant's brief. No doubt Coker will replead and thereby obviate some of the objections urged against his pleading.

[3] The appellee, Ratliff, insists that the case should be affirmed as between him and appellant, Gordon, even though it be reversed as between Gordon and Coker; but we are of opinion that the entire case should be reversed and sent back for another trial. The wagon and mules which Gordon sought to recover from Ratliff had been sold to the latter by Coker. Coker alleged and testified that he and Gordon had made the contract above referred to, and that Gordon had sold him the wagon and mules in part payment upon that contract. Gordon denied the existence of any such contract, and testified that he had never sold the wagon and mules to Coker, but had merely loaned them to him. Upon that vital issue the testimony was in sharp conflict, and the rights of both Ratliff and Gordon depend upon whether the contract and transactions between Gordon and Coker were as stated by Coker; and therefore we think it would be more in harmony with justice to have that issue finally tried but once, and let the rights of all the parties depend upon the result of such final trial.

Reversed and remanded.