## THE COMMERCIAL INVESTMENT TRUST, INCORPORATED, V. MRS. W. S. SMART ET VIR.

No. 6235.  Decided February 7, 1934.
*Motion for rehearing, No. 11227.  Decided March 21, 1934.*
(67 S. W., 2d Series, 858.)
(69 S. W., 2d Series, 35.)

*John A. Coffee,* of Hereford, for appellant.

Where in an action in the county court, a court of limited jurisdiction, upon a promissory note, and the defendant sets up in cross-action a claim, and in his answer asks for cancellation of the note, the amount of the note asked to be cancelled and the amount of the claim as set up in the cross-action are to be counted and considered together in determining the Court's jurisdiction.  Cable Co. v. Rogers, 99 S. W., 736; Commercial Credit Co. v. Moore, 270 S. W., 582; Billings v. Southern Sup-

ply Co., 194 S. W., 1170; Smith Premier Sale Co. v. Connellee, 147 S. W., 1197.

*W. H. Russell,* of Hereford, for appellees.

The fact that defendants plead payment of a note sued on by plaintiff and then in reconvention and cross-action sue for damages growing out of an effort on the part of plaintiff to collect the notes sued on by plaintiff does not increase the amount in controversy above the sum sued for in reconvention by the defendants. Commercial Credit Co. v. Moore, 288 S. W., 508; Knoohuizen v. Nicholl, 257 S. W., 972; Alford v. Thomas, 238 S. W., 270; Parma v. First National Bank of Cameron, 22 S. W. (2d) 957.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Seventh Supreme Judicial District certifies the following statement and question, viz.:

This suit was instituted in the County Court of Deaf Smith County by the Commercial Investment Trust, Inc., against the defendants W. S. Smart and his wife Mrs. W. S. Smart, on a note executed by them to the Panhandle Barber Supply Company, dated July 7, 1930, for the principal sum of $163.00, bearing 10% interest and providing for 15% attorneys fees. The note was payable in monthly installments of $10.00 each and one installment of that amount had been paid. The defendants thereafter defaulted and under the accelerating clause plaintiff declared the balance of the principal, with the unpaid interest and attorneys fees, due.

"The plaintiff alleged that contemporaneously with the execution of the note the defendants had made and delivered a chattel mortgage on certain personal property fully described, of the reasonable value of $175.00, to secure the payment of the note. That on July 21, 1930, the note was for a valuable consideration assigned to it and that plaintiff is now the legal owner and holder thereof, and sought judgment for its debt and a foreclosure of the chattel mortgage lien.

"The defendants pleaded that they were entitled to credit for certain specified payments on the note which they claim discharged and satisfied the indebtedness evidenced by the note sued on and prayed that plaintiff recover nothing against them by reason thereof and that the chattel mortgage lien upon the property be cancelled.

"By way of cross action the defendant Mrs. W. S. Smart joined pro forma by her husband, sought to recover from the plaintiff the sum of $950.00 for an alleged tort growing out of the same transaction, committed by the plaintiff and its agents on the said Mrs. Smart, alleging the facts in detail, on which she based her cross action and asked for actual damages in the sum of $750.00 and exemplary damages in the sum of $200.00.

"In response to special issues submitted by the Court, the jury found that the defendants were due the plaintiff on its note a balance of $40.78; that the defendant Mrs. W. S. Smart suffered actual damages by reason of the tort alleged, in the sum of $400.00, and exemplary damages in the sum of $100.00. On these findings judgment was rendered that plaintiff recover nothing against the defendant Mrs. W. S. Smart; that it have judgment against W. S. Smart for $40.78; that plaintiff's note and chattel mortgage be cancelled and held for naught; that the defendants have judgment against the plaintiff for the sum of $500.00, credited said amount with $40.78, leaving a net judgment in favor of the defendants in the sum of $459.22, with costs and interest, from which judgment an appeal was prosecuted by the plaintiff to this Court.

"On March 16, 1932, this Court held that the amount put in controversy by the cross action of the defendants was in excess of $1,000.00 and that the County Court was without jurisdiction to entertain such cross action and reversed the judgment and remanded the case.

"On April 13th thereafter appellees' motion for rehearing was overruled in a written opinion.

"By permission of the Court the appellees filed their second motion for rehearing, insisting that there is an irreconcilable conflict in the holdings in Knoochuizen et al. vs. Nicholl, 257 S. W., 972, followed in Commercial Credit Co. et al. v. Moore, 288 S. W., 508, and the holdings in Commercial Credit Co. v. Moore, 270 S. W., 582, and the instant case.

"On account of the alleged conflict in the holdings in the cases cited supra, we deem it advisable to certify to Your Honorable Court for decision the following question:

"Did the plea of payment and the request for cancellation of the mortgage, together with the $950.00 damages appellee sought to recover, make her cross action an amount exceeding the jurisdiction of the County Court?"

OPINION.

*First.*—The County Court did not have jurisdiction of the

suit as originally filed by the Commercial Investment Trust, Inc., plaintiff, against Smart and wife, because the amount sued for as well as the value of the personal property on which foreclosure was sought, was under two hundred dollars. Art. 1949, Rev. Stat., 1925; Const., Art. 5, Sec. 16.

Jurisdiction may however be obtained in such a case if plea in reconvention for an amount within the court's jurisdiction is asserted, and it is then a matter of no moment, as said by Chief Justice Gaines, in Blair v. Blanton, 93 Texas, 348, whether the court would or would not have had jurisdiction over the original suit. The case then became the same in legal effect, so far as jurisdiction was concerned, as if the defendants had sued upon their counter claim and the plaintiff had pleaded its cause of action in reconvention.

The plea in reconvention occupies the same attitude as an independent suit (Harris v. Schlinke, 95 Texas, 88) and is essentially a separate action (Tynberg v. Cohen, 76 Texas, 417).

The cross bill must therefore be tested by its own averments and must be treated as a petition seeking recovery against plaintiff; it is not defensive, even in part, because the County Court was without jurisdiction on the plaintiff's cause of action, of itself.

As stated by the Court of Civil Appeals, the cross action sought a recovery, not only for damages in the sum of $950.00 for an alleged tort but also for cancellation of the note sued on and of the chattel mortgage given to secure such note. The cross-action made the defendants below, the actors in a proceeding to cancel the note and chattel mortgage, and to that extent the amount thereof was directly involved and, cancellation thereof having been affirmatively prayed for, became a part of the amount in controversy, which added to the claim for damages, exceeded the sum of $1000.00 and was not within the jurisdiction of the County Court.

*Second.*—It would therefore follow, that the County Court is without jurisdiction of plaintiff's cause of action because the matter in controversy alleged by it is below the value of $200.00; likewise the County Court is without jurisdiction of defendants' cause of action because that, as alleged by them, is above the sum of $1000.00, maximum jurisdiction of said court. Arts. 1949 and 1950, Rev. Stat., 1925.

*Third.*—While the Supreme Court in answering certified questions is confined to those submitted (Slater v. Ellis County Levee Imp. Dist., 120 Texas, 272), there may be other questions in the case which must be determined before the question as certified can be answered (State v. Callaghan, 91 Texas,

313). Whether the trial court had jurisdiction originally or not is an important question affecting the defendants' plea of payment, converting it from a defense to an affirmative cross-action and thus determining the form of our answer to the single question certified.

Upon the postulate that the County Court had no jurisdiction in the first instance, based upon the facts stated in the certificate, we have concluded as stated above that the trial court being without jurisdiction of the case, at all, a literal answer to the single question propounded, is "Yes," and we recommend that it be so answered.

## ON REHEARING.

In our original opinion, we overlooked the Act of March 20, 1911 (32 Leg., Chap. 93, p. 171) conferring on the County Court of Deaf Smith County, original concurrent jurisdiction with Justices' Courts of all civil matters of which by general law, the latter have jurisdiction.

Sec. 1 of that Act reads as follows:

"That the county court of Deaf Smith, Parmer, Randall, Castro, and Lubbock Counties and the unorganized counties of Bailey and Lamb shall have and exercise original concurrent jurisdiction with the justices courts in all civil matters which by the general laws of this State is conferred upon justices courts."

And Sec. 4 of said Act reads as follows:

"This Act shall not be construed to deprive the justices court of the jurisdiction now conferred upon them by law, but only to give concurrent original jurisdiction to the said court over such matters as are specified in Section 1 of this Act, nor shall this Act be construed to deny the right of appeal from the justices courts to the said county court in any case originally brought in the justices court where the right ·of appeal now exists by law," and by Sec. 5 thereof all laws and parts of laws in conflict therewith are repealed.

■ The constitutionality of this Act, in so far as the civil jurisdiction conferred by its terms upon the County Court of the counties named therein, was upheld in Turnbow v. J. E. Bryant Co., 107 Texas, 563, 181 S. W., 686.

By Sec. 22, Art. 5 of the Constitution, the legislature has power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts and conform the jurisdiction of the other courts to such change. Muench v. Oppenheimer, 86 Texas, 568, 26 S. W., 496. Under the au-

thority of this section the Legislature had the power to increase the jurisdiction of the County Court by giving to it jurisdiction over the subjects of litigation embraced in the jurisdiction of the justices' courts. Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459, 84 S. W., 1054.

We were in error in assuming that the County Court did not have jurisdiction of the suit as originally filed by the Commercial Investment Trust, Inc., against Smart and wife, and therefore we may now answer the question as certified, from the standpoint alone of the cross-action and the contention of appellees that their plea alleging payment of the note and asking for cancellation of the chattel mortgage in question is not to be considered in determining the amount involved in their cross-action.

If appellees are correct in such contention, then the County Court had jurisdiction, otherwise not.

■ We think a test, in this case, is whether appellant could have taken a non-suit and thereby prejudiced appellees' plea of payment and prayer for cancellation of the chattel mortgage given by them.

Art. 2014, Rev. Stat., 1925, requires that "payment" must be specially pleaded and cannot be shown under a general denial only; the burden of proving payment is on the defendant. Pierce v. Baker, 238 S. W., 699; Biggs v. Doak, 260 S. W., 882; Matossy v. Frosh, 9 Texas, 610; Marley v. McAnally, 17 Texas, 658; Hander v. Baade, 40 S. W., 422; Eastham v. Patty, 69 S. W., 224.

"Payment" is therefore an affirmative defense, tendering an affirmative issue and necessitating the establishment by the defendant of the truth of the alleged payment of the debt sued on. Pierce v. Baker, supra. The amount involved therein is therefore an amount in controversy and with the prayer for cancellation of the chattel mortgage, alleged, we think, an affirmative cause of action against plaintiff, in which state of the record appellant could not have taken a non-suit of its cause of action and thereby deny or prejudice appellees' right to show that the debt evidenced by the note had been paid and obtain a judgment cancelling said note and mortgage (Art. 2182, Rev. Stat., 1925); this relief appellees might have obtained in an independent suit for cancellation of the note and chattel mortgage. Johnson v. Lockhart, 50 S. W., 955; Jackson v. Furst Edwards Co., 154 S. W., 243.

■ We conclude that the plea of credit for certain specified payments on the note which it is claimed discharged and satis-

fied that indebtedness, coupled with the plea for cancellation of the chattel mortgage, should be considered as part of the amount in controversy sought to be recovered by appellees in addition to the $950.00 claimed as damages. This conclusion is in accordance with the weight of authority in this state. Billings v. Southern Supply Co., 194 S. W., 1170; Smith Premier Sales Co. v. Connellee, 147 S. W., 1197; Cable Co. v. Rogers, 99 S. W., 736.

We therefore recommend that our previous opinion be set aside and this be substituted therefor, with the recommendation that the question be answered in the affirmative.

### ON REHEARING.

Original opinion withdrawn, and new opinion substituted. The last opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.