## LEWIS v. FOWLER.

### No. 8804.

Court of Civil Appeals of Texas. Austin.

April 19, 1939.

Gammage, Gammage & Bauer, of Houston, for appellant.

No briefs for appellee.

McCLENDON, Chief Justice.

Lewis sued Fowler for an alleged balance of $513, principal, plus $76.95, attorney's fees, due upon a promissory note, and to foreclose a chattel mortgage upon an automobile; at the same time sequestrating the automobile. Fowler sought to cancel the note on the ground of fraud and in reconvention to recover actual damages aggregating $440 and $500 exemplary damages resulting from the sequestration. The judgment was for Fowler upon a special issue verdict, cancelling the note and awarding him damages in the sum of $283.25; which sum was later reduced by remittitur to $149.

Lewis has appealed urging only that the court was without jurisdiction to entertain the answer and cross-action of Fowler for the reason that the amount thereby put in controversy exceeded $1,000, the maximum limit of the court's jurisdiction. This contention must be sustained. The now established rule in determining the amount in controversy for jurisdictional purposes in cases of this character is to add to the asserted amount due as principal and attorney's fees upon the note sued upon the amount of damages claimed in reconvention. Commercial Inv. Trust v. Smart, 123 Tex. 180, 69 S.W.2d 35; Commercial Credit Co. v. Moore, Tex.Civ.App., 270 S.W. 582; Bishop & Babcock Sales Co. v. Haley, Tex.Civ.App., 115 S.W.2d 772. Under this rule the amount in controversy manifestly exceeds the jurisdiction of the court.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.