## UNITED FINANCE CORPORATION v. QUINN.
### No. 11108.

Court of Civil Appeals of Texas. Galveston. March 6, 1941.

Rehearing Denied March 27, 1941.

Gammage, Gammage & Bauer, of Houston, for appellant.

Camille Openshaw, Albert J. DeLange, F. A. Stamper, and R. P. Beman, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2 of Harris County in an action brought by appellant, United Finance Corporation, against appellee, A. R. Quinn, for the recovery of a balance of $93.36 alleged to have been due on a note executed by appellee as a part of the purchase price of an automobile, and $25 attorney's fees, and for foreclosure of a chattel mortgage lien on said automobile.

Appellee answered by general denial and general demurrer. By cross-action he alleged that the note in question had been procured by fraud and that he had paid usurious interest thereon in the sum of $69; that there was incorporated in said note the sum of $38.43 with which appellant had agreed to procure insurance on said car but that, after he had had a collision, with resultant damage thereto, he had learned that appellant had failed to procure said insurance. He sought cancellation of said note, attorney's fees and said mortgage lien, the statutory penalty of double the amount of usurious interest paid in the sum of $138, the net amount of damage to his car by reason of said collision in the sum of $50, and the reasonable value of the loss of its use in the sum of $10. By

alternative plea he sought recovery of said sum of $38.43 alleged to have been retained by appellant to procure said insurance.

This action was originally brought in the justice court of Harris County. On appeal to the County Court at Law No. 2 of Harris County in a trial before the court, judgment was rendered that appellant take nothing by its suit for the balance of principal and attorney's fees alleged to have been due on said note. The foreclosure of said mortgage lien was denied and said note and mortgage were cancelled and adjudged as paid in full and appellee was awarded judgment in the sum of $138, double the amount of $69 found by the court to have been usurious interest paid, and the further sums of $50 for damages to appellee's car, and $10 for loss of the reasonable value for the use thereof, a total of $198 in addition to the cancellation of the balance due on said note and said attorney's fees.

The judgment recites that a general demurrer was urged by appellant to appellee's cause of action; that it was overruled, and that appellant duly excepted thereto.

Appellant contends that the trial court did not have jurisdiction to entertain appellee's cross-action, for the alleged reason that the amount involved in said cross-action was in excess of the maximum original jurisdictional amount of the justice court, and the maximum appellate jurisdictional amount of the county court at law.

It is the established law in this state that, in determining the amount involved in a cross-action of this character for jurisdictional purposes, the amount of principal and attorney's fees alleged to be due on the note sued upon and sought to be cancelled must be taken into consideration in addition to the amount of damages claimed by defendant in his cross-action. Lewis v. Fowler, Tex.Civ.App., 128 S.W.2d 107; Commercial Investment Trust, Inc. v. Smart, 123 Tex. 180, 69 S.W.2d 35; Pennant Oil & Gas Co. v. Lightfoot, Tex.Com. App., 292 S.W. 517; Commercial Credit Co., Inc. v. Moore, Tex.Civ.App., 270 S.W. 582; Bishop & Babcock Sales Co. v. Haley, Tex.Civ.App., 115 S.W.2d 772.

Further, it has been uniformly held that the pleadings filed by a litigant determine jurisdiction, and that if they allege a cause of action without the jurisdiction of the court, the court has no jurisdiction notwithstanding the fact that it may render a judgment for a sum within its jurisdiction. This rule is laid down in 11 Texas Jurisprudence, page 739, wherein it is said: "Jurisdiction, in so far as matter or amount in value in controversy is concerned, is determined by the petition, and that question is concluded by the averments in so far as they state facts in relation to the thing in controversy, * * *. Or, as otherwise stated, where the question of jurisdiction depends on the amount in controversy, the damages claimed in actions sounding in damages, or the amount claimed in actions ex contractu, and not the evidence, nor the findings, nor the amount of the verdict or judgment, give the court jurisdiction, * * *."

It is further said in 11 Texas Jurisprudence, page 737: "It is the amount or matter in controversy at the time of filing suit and not the amount of the recovery—something to be determined only at the end of the litigation—that determines jurisdiction."

The following amounts are shown by the petition in appellee's cross-action to have been in controversy in the trial court: (a) The balance of $93.36 alleged by appellant to have been due on said note, with $25 attorney's fees; (b) the sum of $138, double the amount of the $69 alleged to have been the amount of usurious interest paid by appellee; (c) the sum of $50 damages alleged to have been sustained by appellee by reason of appellant's failure to insure appellee's automobile; (d) the sum of $10 alleged to have been the reasonable value of the loss of the use of said car; and (e), in the alternative, for the cancellation of said note to the extent of $38.43 alleged to have been included in the face amount of said note to procure insurance on appellee's car.

It thus clearly appears that the amount sought by appellee in his cross-action, under above authorities, is in excess of the maximum jurisdiction of the justice court, and, as the jurisdiction of said county court at law to which this suit was carried by appeal was appellate and not original, the court acquired no jurisdiction to render the judgment from which this appeal was prosecuted.

It follows that the judgment of the trial court should be reversed and the cause remanded.

Reversed and remanded.