**DAVIS v. JORDAN.**

No. 5290.

Court of Civil Appeals of Texas. Amarillo.

April 21, 1941.

Rehearing Denied May 19, 1941.

McWhorter, Howard & Cobb, of Lubbock, for appellant.

Crenshaw, Dupree & Milam, of Lubbock, for appellee.

STOKES, Justice.

Appellant, J. C. Davis, instituted this suit against appellee, L. F. Jordan, upon a promissory note in the original sum of $556.20, seeking to recover a balance of $271.20 thereon, and to foreclose a chattel mortgage lien upon an automobile which he alleged was of value less than $1,000. Appellee answered by general demurrer and general denial and a special plea to the effect that the suit was prematurely brought because the note sued upon was not yet due. He also filed a cross-action in which he alleged that the automobile had been involved in a collision and that, during his negotiations with appellant and the mechanics for its repair, appellant had acquired possession of the car and converted it to his own use. He alleged the value of the car to be $600; that appellant had detained it for a period of 174 days, and that its rental value was $5 per day. By trial amendment he further alleged that, since he executed the note, it had been altered and the place of payment as provided therein had been changed without his knowledge or consent. He alleged that the alteration was material and of such nature as to defeat a recovery by appellant on the note. In his first amended original answer, upon which the case was tried, and in which the cross-action was included, he prayed for judgment against appellant in the amounts as set out therein, for costs of suit, and such other and further relief to which he may be entitled in law or in equity. The case was submitted to a jury upon a number of special issues and, based upon the verdict of the jury in answer thereto, the court entered judgment that appellant take nothing by his suit upon the note and that appellee recover of appellant upon his cross-action the title and possession of the automobile, together with the reasonable rental value thereof in the amount and for the duration of its detention as found by the jury in the sum of $240. Appellant filed a motion for a new trial, which was overruled, and he duly excepted to the judgment and has perfected an appeal to this court.

In his first assignment of error appellant contends that the county court was without jurisdiction to entertain the cross-action filed by appellee because the aggregate amount thereof exceeded $1,000. In his cross-action appellee alleged the value of the automobile to be $600, and that, after it was involved in the collision and while in a repair shop where he had placed it, appellant obtained possession of the car, removed it from the shop and retained possession of it for 174 days. He alleged that its rental value was $5 per day, aggregating $870. By a trial amendment he alleged that the place of payment as originally provided in the note had, since he executed it, been altered or changed without his knowledge or consent, which, he alleged, was a material alteration and that it was made with the knowledge of appellant. He alleged that the alteration was sufficient to defeat a re-

293

covery on the note, upon which there was due at the time of the trial $327.47. These items aggregate $1,797.47, which exceeds the maximum limit of jurisdiction of the county court, established by Art. 1950, R.C.S.1925, at $1,000. The rule has been established by a long line of decisions of the courts of this State that, in determining the amount in controversy for jurisdictional purposes, the asserted amount due as principal and attorney's fees upon the note sued upon must be added to the amount of damages claimed in reconvention where the matter is presented by a cross-action as in this case. Cable Co. v. Rogers, 44 Tex.Civ. App. 620, 99 S.W. 736; Smith Premier Sales Co. v. Connellee, Tex.Civ.App., 147 S.W. 1197; Billings v. Southern Supply Co., Tex.Civ.App., 194 S.W. 1170; Commercial Investment Trust Inc. v. Smart, 123 Tex. 180, 67 S.W.2d 858, 69 S.W.2d 35; Bishop & Babcock Sales Co. v. Haley, Tex.Civ.App., 115 S.W.2d 772; Lewis v. Fowler, Tex.Civ. App., 128 S.W.2d 107.

Appellee contends that even if it should be held that the court did not have jurisdiction of his cross-action, it had jurisdiction of the cause of action alleged by appellant and, to the extent that the judgment denies appellant recovery on his original cause of action, it is valid and should be permitted to stand. Appellee did not seriously contest appellant's cause of action except in his trial amendment in which he alleged that since he executed the note sued upon, the place of its payment had been changed and that this constituted an alteration of sufficient materiality to defeat recovery on the note. In addition to the allegations in his trial amendment, he set up his cross-action as above stated. The judgment of the court denied appellant recovery on the note; awarded to appellee the title and possession of the automobile, which the jury found to be of the value of $525, and a money judgment for the sum of $240 in addition to denying appellant recovery on the note upon which, at the time the suit was filed, there was due the sum of $271.20. Even if it could be so calculated as to bring the aggregate of these items below the maximum of the county court's jurisdiction, the title to the automobile and the item of $240 were parts of appellee's cross-action. From this it is obvious that the cross-action was, as a matter of fact, adjudicated by the court. Moreover, under our system of procedure, a court is not permitted to carve out of the issues presented by the pleadings such items as may be nec-

essary to hold its judgment within the statutory jurisdictional amount and discard those which may remain. It is well settled that all of the issues presented by the pleadings must be adjudicated in order that a final judgment may be rendered. McGrew v. Norris, Tex.Civ.App., 140 S.W. 1143; Gulf, C. & S. F. Ry. Co. v. Stephenson, Tex.Civ.App., 26 S.W. 236; Pitts v. Cypress Shingle & L. Co., Tex.Civ.App., 158 S.W. 799; Ratliff v. Gordon, Tex.Civ.App., 149 S.W. 196.

Manifestly the amount in controversy, as shown by the pleadings in the case, exceeded the maximum of the jurisdictional limit established by Art. 1950, R.C.S., for county courts. The court below was, therefore, without jurisdiction to try the case as made by the pleadings.

The judgment will be reversed and the cause remanded.