**Cora DAVIS, Appellant,**

v.

**Tom STAMEY, Appellee.**

No. 3646.

Court of Civil Appeals of Texas.

Eastland.

Oct. 20, 1961.

Rehearing Denied Nov. 17, 1961.

Don H. Russell, Eastland, for appellant.

Grady Owen, Fort Worth, for appellee.

COLLINGS, Justice.

Tom Stamey brought suit against Cora Davis, a widow, to recover $4,384.74, the amount alleged to be due on a promissory note executed by the defendant and for foreclosure of a mechanic's lien contract. Mrs. Davis made defenses of conditional delivery, payment and partial failure of consideration. She filed a cross action for breach of a building contract, of which the note and mechanic's lien were a part. Plaintiff Stamey admitted payments of the amounts claimed by defendant but alleged he had applied them first to extra work done under the contract. The trial was before a jury which found (1) that plaintiff and defendant agreed to certain alterations and changes from the plans and specifica-

tions originally agreed upon, (2) that the reasonable cost of said alterations and changes was $4,373.74, (3) that Stamey did not fail to complete the house in accordance with the plans and specifications agreed upon, and (6) that Stamey did not fail to complete the house in a good and workmanlike manner. Based upon the verdict, judgment was rendered on the note for plaintiff in the sum of $4,373.74, with interest and attorney's fees, and for foreclosure of the mechanic's lien, and that the defendant take nothing by her cross action. Mrs. Davis has appealed.

Appellant presents points of error urging (1) that the court erred in overruling her motion for judgment non obstante veredicto because the undisputed facts and the law applicable to payment established her defense of payment, (2) that the court erred in rendering judgment upon the finding that appellee had done extra work of a reasonable cost of $4,373.74, and in refusing appellant's motion for a new trial, because such finding and the judgment based thereon are contrary to the evidence, (3) that the court erred in rendering a take nothing judgment on appellant's cross action and in overruling appellant's motion for a new trial because the verdict in response to special issues numbers 3 and 6 are not supported by, but are contrary to the evidence, and (4) that the court erred in overruling appellant's motion for new trial because the verdict in response to special issues numbers 2, 3 and 6 are against the great weight and preponderance of the evidence.

The evidence shows that Stamey, as contractor, and appellant, as owner, entered into a written building contract on August 26, 1959, and that in connection therewith appellant executed the mechanic's lien note here sued upon. By the terms of the contract appellee agreed to furnish all labor and materials and to construct the house in a good and workmanlike manner according to plans and specifications. He agreed to complete the job within 97 days, or on December 1st, 1959, and in consideration

thereof, appellant obligated herself to pay the sum of $14,000.00, according to the terms of the promissory note.

Appellee, soon after the date of the contract, began construction of the building. At various times during construction appellee, at the direction of appellant, made alterations and additions to the original plans and specifications which increased the cost of the construction job to $18,373.74. Because of the changes and additions, the job was not completed on December 1st, 1959, as originally called for but was completed on January 29, 1960. On December 1st, 1959, Stamey informed appellant that he needed money to pay for extra material and labor and asked her to pay him the sum of $7,000.00. Thereafter, on December 7th, 1959, appellant made such payment. Appellant made another payment to Stamey on January 11, 1960, in the sum of $5,000.00 and a third payment on March 1st, 1960, in the sum of $2,000.00. Stamey applied the payments first to extras and then applied the balance on the note. This left a balance due on the note of $4,373.74.

■ The suit against appellant was to recover the balance alleged to be due upon a $14,000 materialman's lien note and to foreclose the lien. Appellant plead payment as a defense. Appellant therefore, had the burden to prove she had paid the note. 70 C.J.S. Payment § 93, pages 298–299; Commercial Inv. Trust vs. Smart, 123 Tex. 180, 67 S.W.2d 858, 69 S.W.2d 35. Appellant contends she has met the burden; that the undisputed facts and the law applicable thereto establish that she paid the note in full. No issue was submitted to the jury on the question of payment. Appellant does not contend that there was a finding of payment supported by evidence. Her contention is that the undisputed facts show payment as a matter of law. We cannot agree with this contention.

■ It is undisputed that appellant paid to appellee the sum of $14,000. But the question of whether the note was paid in full is not undisputed. There is a controversy concerning the application of the payments. Stamey applied the payments made by the appellee first to the extras and then applied the balance on the note. Appellant contends that this was an improper application of her payments. The burden was upon appellant to establish that such application of the payments was improper, 70 C.J.S. Payment § 97, page 303. Appellant has failed to meet the burden of showing that the application of her payment to extras first was improper. She has failed to establish her defense of payment of the note sued upon.

In 32 Tex.Jur. 673–675, the law applicable to payments is generally stated as follows:

"That an agreement by the parties as to the indebtedness to which particular payments are to be applied is controlling. * * * In the absence of any agreement on the subject, the common law rule as to the application of payments prevails. Ordinarily, in such circumstances, the debtor may direct how payments made by him shall be applied. If he had failed to exercise this right, the creditor may appropriate the payment to such debts due him by the debtor as he chooses. When no application is made by either party, the law will make the appropriation according to the justice and equity of the case."

■ Contrary to appellant's contention, there was evidence to the effect that it was agreed that the $7,000 payment was to be applied first to extras. Stamey testified that he told appellant he needed money to pay for extra material and labor and that she paid him $7,000. Previous testimony by Stamey, inconsistent therewith, was not conclusive but merely presented an issue of fact for determination by the jury.

Appellant contends that the $7,000 payment on December 7, 1959 must, by law, be applied on the note because the debt for

extras was not then due. She points out that by the terms of the contract, her duty to pay was contingent upon performance by appellee; that under the contract, as amended by parol, the debt was not due until appellee had substantially performed, "which could not be before January 29, 1961", and that the unliquidated part of the debt for extras could not be due until liquidated, "which could not be before the 1st day of February 1961." There is a presumption, in the absence of an agreement, that a payment is intended to be applied to a matured debt rather than to an un-matured debt. Here however, there is evidence of an agreement to apply the payment to the cost of extras. Under these circumstances payment of the note is not conclusively shown but an issue of fact is presented, 70 C.J.S. Payment § 93b, page 301. There is no finding of payment. On the contrary it is presumed in support of the judgment that the court found the note was not paid in full; that it was agreed that the $7,000 payment should be applied first to extras and the balance to the note, and that such an application by Stamey was proper.

There was ample evidence that Stamey did extra work of a reasonable cost of $4,-373.74. We overrule appellants point urging that the jury finding to that effect and the judgment based thereon are contrary to the evidence. There was also ample evidence supporting the findings that Stamey did not fail to complete the house in accordance with the plans and specifications agreed upon, and that he did not fail to complete the house in a good and workmanlike manner. Such findings were not, as appellant contends, against the great weight and preponderance of the evidence. Appellant's points so urging are overruled.

The judgment is affirmed.